UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAURIE GILBERT,
    Plaintiff,

v.

JOHN HAGGARTY,
    Defendant.

05 10746 RWZ

MAGISTRATE JUDGE _____

RECEIPT # 63528
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE

### NOTICE OF REMOVAL

Defendants, John Haggarty (hereinafter, "Haggarty"), Timothy B. Dube (hereinafter, "Dube"), and John Doe (hereinafter, "Doe"), the Defendants (hereinafter, "the Defendants") in the above-entitled cause, hereby file this Notice Of Removal of the above-described action to the United States District Court for the District of Massachusetts from Essex County Superior Court, Case No. 05-432C, where the action is now pending as provided by Title 28, U.S. Code, Chapter 98 and state:

1.    The above-entitled action was commenced in the Superior Court of Essex County, State of Massachusetts, and is now pending in that court. Process was served on the Defendants on March 17, 2005. A copy of the Plaintiff's complaint and summons setting forth the claim for relief upon which the action is based was first received by the Defendants on March 17, 2005.

2.    This action was commenced against the Defendants in Essex County Superior Court by the Plaintiff and alleges that the Defendants violated the Plaintiff's constitutional rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person and to due process of law. The United States District Court for the District of Massachusetts has original jurisdiction by reason of 28 U.S.C. § 1331 in that the action arises under the Laws of the United States that, as appears from the complaint, the Plaintiff bases her claim for relief against the Defendants by virtue of and under the federal statutes and acts of Congress.

3.    Defendants further allege that the action was commenced by the filing of the complaint on March 16, 2005, and the service of process on Defendants on March 17, 2005, and that the time has not elapsed within which they are allowed to file this notice of removal of action to this court.

4.    A copy of all process, pleadings, and orders served upon the Defendants is filed with this notice.

5.    The Defendants will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

6.    A copy of this notice will be filed with the clerk of the Essex County Superior Court as required by 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants request that this action proceed in this Court as an action properly removed to it.

Dated: April 7, 2005
f:\lpa\gilbert\pldgs\req.removal.doc

                            Respectfully submitted,
                            For the Defendants,
                            **John Haggarty, Timothy B. Dube,**
                            **John Doe,**
                            By their attorney,

                            /s/ Matthew E. Dwyer
                            Matthew E. Dwyer (BBO# 139840)
                            Dwyer, Duddy and Facklam
                            Attorneys At Law, P.C.
                            One Center Plaza, Suite 360
                            Boston, MA 02108
                            (617) 723-9777

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 05-432C

................. Laurie Gilbert ................., Plaintiff(s)

v.

................. John Haggarty ................., Defendant(s)

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon Richard N. Foley, plaintiff's attorney, whose address is 414 State St., Portsmouth, NH 03801, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Essex Sperry Court, 43 Appleton Way, Lawrence, MA 0840 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**Barbara J. Rouse**

WITNESS, ▇▇▇▇▇▇▇▇▇ Esquire, at Salem, the day of 3/17/05, in the year of our Lord two thousand

[L.S.]

TRUE ATTEST COPY
DEPUTY SHERIFF

*Thomas H. Driscoll Jr.*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.                                    SUPERIOR COURT
                                              LAWRENCE SESSION

LAURIE GILBERT            }
      Plaintiff           }
                          }
v.                        }        DOCKET #:
                          }
JOHN HAGGARTY,            }
TIMOTHY B. DUBE,          )
JOHN DOE,                 }
      Defendants          }

## COMPLAINT AND JURY CLAIM

### INTRODUCTORY STATEMENT

1. This is a civil action by the Plaintiff, brought pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and under the common law of the Commonwealth of Massachusetts seeking to recover compensatory and punitive damages for injuries and to redress deprivation under the color of law, ordinance, regulations, customs, or usage of a right, privilege, and immunity secured to the Plaintiff by the United States Constitution, the laws of the United States and the Constitution and laws of the Commonwealth of Massachusetts.

### PARTIES

2. The Plaintiff, Laurie Gilbert, is and all times relevant to this Complaint, a citizen of the United States and a resident of the town of Belmont, County of Belknap, State of New Hampshire, residing at 10 Range Road, Belmont, NH.

3. The Defendant, John Haggarty, (hereinafter referred to as 'Haggarty') was at all times mentioned herein, a duly appointed and active officer for the City of Lawrence, Commonwealth of Massachusetts, acting under the color of

   law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages.

4. The Defendant, Timothy Dube, (hereinafter referred to as 'Dube') was at all times mentioned herein, a duly appointed and active officer for the City of Lawrence, Commonwealth of Massachusetts, acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages.

5. The Defendant, John Doe, and others not presently known to Plaintiff were, at all times material to this Complaint, duly appointed and active police officers for the City of Lawrence, Massachusetts, acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and uses.

6. Plaintiff sues all Defendants in their individual capacities.

## FACTUAL ALLEGATIONS

7. On or about March 18, 2002, Plaintiff, Laurie Gilbert was parked in front of 96 Park Street, Lawrence, Massachusetts.

8. Mrs. Gilbert was with her son, Jason Macleod.

9. Mrs. Gilbert was taking her son to Holy Family Hospital in Methuen, Massachusetts due to her son having a badly injured ankle.

10. Mrs. Gilbert was unfamiliar with the area and pulled over on the side of the road to try to ascertain directions to Holy Family Hospital.

11. While parked on the side of the road she called her husband, Greg, to let him know that I was lost. After speaking to her husband two girls walked up the road, came over to the car and knocked on the passenger side window.

12. She put the window down a little bit and asked them about directions to Holy Family Hospital.

13. The girls could not speak English and Mrs. Gilbert wasn't sure what they were saying except for a statement of $25.00. So she put the window up and drove away.

14. Mrs. Gilbert went up the road, turned around and drove back to the lights. She took a right and headed back towards Friendly's restaurant which she knew was a landmark.

15. Mrs. Gilbert only had gone a short distance when she noticed blue lights behind her.

16. She couldn't pull right over because there were a lot of cars parked on the side of the road.

17. Mrs. Gilbert pulled over as soon as possible and the police car pulled over behind her.

18. She did not understand why she was being pulled over.

19. Two officers in plain clothes approached her car. She put her window down and asked them what the problem was.

20. The larger officer asked for her license and registration and as she was looking in her pocketbook for her license, he ordered both Jason and Mrs. Gilbert out of the car.

21. The larger officer brought her to the sidewalk and started asking her who the two girls were that came up to her car while she was parked across from the store.

22. Mrs. Gilbert told him that she didn't know who they were and explained to him that she was looking for Holy Family Hospital but had gotten lost somehow.

23. The officer asked her if she would go back to the street she was on and try to buy drugs from the two girls.

24. When she refused to do this, he said that if she would help them, they would help her and she wasn't dealing with "some small time or small town New Hampshire cops that she was dealing with the big boys now."

3

25. Mrs. Gilbert refused to do what they wanted her to do and started questioning if they were even police officers.

26. The small officer was done searching Mrs. Gilbert's car and had retrieved a can of pepper spray that was in her pocketbook. She told him that she had bought it at Ames Department Store in Laconia, New Hampshire.

27. At this time the larger officer asked Mrs. Gilbert again about going back to the girls and she still refused. The officer then said, "You wouldn't want anything to happen to your son, would you?"

28. The small officer told Jason to turn around and not look at Mrs. Gilbert or the cops.

29. The larger officer also turned Mrs. Gilbert away from the car while the small officer got back into the car.

30. The small officer came out of the car with a Winston cigarette pack which Mrs. Gilbert had never seen or even knew anyone who smoked that brand and told the larger officer to arrest them.

31. As Mrs. Gilbert was being handcuffed she told the officer that she was being treated for a back injury from a car accident but he did not appear to care as he treated her very roughly.

32. The officers claimed they found two grams of cocaine in Mrs. Gilbert's car, however, neither Jason nor herself saw any drugs, just the Winston box.

33. Jason and Mrs. Gilbert were brought to the police station.

34. Once inside the police station there were several different officers inside laughing and joking and taunting them.

35. Mrs. Gilbert asked one of the officers if he could undo her handcuffs because her back was killing her. One officer took them off and the room went black.

4

36. While at the police station the officers were very rude and unprofessional. Mrs. Gilbert asked them how they could sleep at night as their behavior was inexcusable.

37. The large officer became extremely angry, grabbed her by her shoulders and twisted her around and dragged her around the corner.

38. While he was doing this he was squeezing the back of her neck while he opened the cell door.

39. He threw Mrs. Gilbert in the cell with such force that she fell to the floor, slid and hit her head on the wall.

40. Mrs. Gilbert told him he was hurting her and he said he didn't care.

41. He then started kicking Mrs. Gilbert in her legs and she remembered sliding across the floor trying to get away from him.

42. The officer continued to kick her saying, "Don't worry I won't hit you in your pretty face where it will show" all the while muttering obscenities and kicking her in her shins.

43. Mrs. Gilbert was shouting for help and no one came.

44. After a few minutes the officer shut the cell door and left.

45. Mrs. Gilbert's legs were red and swollen and her back pain was so bad she could hardly sit down.

46. Mrs. Gilbert asked for a doctor and no one responded.

47.. An older officer came in and she asked him for a doctor and he said he couldn't do that.

48. Eventually Mrs. Gilbert was bailed by her sister and got home at approximately 2:00 AM.

49. She couldn't sleep all night due to pain and also fear as she had to be back in Lawrence the next day for an arraignment.

5

50. By 6:00 AM Mrs. Gilbert became physically sick thinking about having to go to Lawrence.

51. The closer she got to the city the sicker she became and her back and legs were hurting so badly that she had to fight back tears.

52. After being arraigned she went to the hospital where the doctor advised her that he could tell that the injuries on her legs were kick marks.

53. Due to the great physical, emotional and psychological trauma of the evening with the Lawrence police, Mrs. Gilbert endures physical pain and has difficulty sleeping. She has nightmares and flashbacks and suicidal thoughts.

## COUNT 1

## 42 U.S.C. § 1983 against Haggarty and Dube

54. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this count, with the same force and effect as if fully set forth herein.

55. On the evening of March 18, 2002 at approximately 10:40 PM Defendants Haggarty and Dube dressed in plain clothes and traveling in an unmarked car, stopped the Plaintiff. The Plaintiff had violated no law, and Defendants had seen no evidence of probable cause that the Plaintiff had committed an offense nor did Defendants have any justification or authority whatever for stopping Plaintiff.

56. The Plaintiff stepped from her automobile in full cooperation with Defendants Haggarty and Dube. Said Defendants abused her verbally and searched her automobile. At no time before or during this interrogation and search did Defendants see or find any evidence of probable cause that Plaintiff had committed any offense against the laws of the Commonwealth of Massachusetts or the City of Lawrence.

57. Although Defendants Haggarty and Dube found no evidence of any violation of law by Plaintiff, they continued to

verbally abuse and threaten the Plaintiff and her son, Jason Macleod.

58. When Plaintiff would not succumb to the officers' demands and threats, they again purportedly searched her vehicle and this time claimed to have found drugs.

59. The officers then charged with possession of marijuana and possession of crack cocaine.

60. Although Defendants Haggarty and Dube had found no evidence of any violation of the law by Plaintiff, the Defendants placed the Plaintiff in custody, and transported her to the Lawrence Police Department.

61. Without probable cause or any justification whatsoever, Defendants Haggarty and Dube agreed to and did maliciously charge Plaintiff with the following offenses: possession of marijuana and possession of crack cocaine under the laws of the Commonwealth of Massachusetts.

62. Because of Defendants Haggarty and Dube' malicious charges against Plaintiff, Plaintiff was further detained without cause by the police at the Lawrence Police Station until she was bailed out by her sister.

63. As a direct and proximate result of the unlawful detention, search, arrest and beating of Plaintiff and the malicious charges placed against her, the Plaintiff, Laurie Gilbert, suffered the following injuries and damages:

   a) Violation of her constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person and to due process of law;
   b) Loss of her physical liberties;
   c) Physical pain and suffering and great emotional trauma and suffering, requiring expenditure of money for treatment;
   d) Incurrence of legal costs.

7

64. The actions of the Defendant officers' Haggarty and Dube violated the following clearly established and well settled constitutional rights of Laurie Gilbert:

   a) Freedom from the unreasonable seizure of her person;
   b) Freedom from the use of excessive, unreasonable and unjustified force against her person;
   c) Due process of the law.

WHEREFORE, the Plaintiff, Laurie Gilbert, demands judgment against the Defendants Haggarty and Dube jointly and severally for compensatory damages in an amount determined by the jury to be fair and just, for punitive damages, costs, and attorney fees pursuant to 42 U.S.C. § 1983 and § 1988 for this action and for such other relief as this Court deems just and proper.

## COUNT II

### Assault and battery against Defendant Haggarty

65. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this complaint, with the same force and effect as if fully set forth herein.

66. The Plaintiff was detained at the Lawrence Police Department wherein the larger officer believed to be Defendant Haggarty repeatedly assaulted the Plaintiff.

67. At the time of the assault the Plaintiff was not violating any laws, was not attempting to interfere with the Defendant's execution of his duties, and was not engaged in any assault behavior towards the Defendant.

68. The said assault by the Defendant was not justified by any actions of the Plaintiff and constituted an unreasonable and excessive use of force.

69. The actions alleged above deprived the Plaintiff of the following rights under the United States Constitution:

   a) Freedom from excessive and unreasonable force
   b) Freedom from deprivation of liberty without due process of law

8

c) Freedom from summary punishment

70. Defendant Haggarty subjected Plaintiff to such deprivations by either malice or a reckless disregard of Plaintiff's rights.

71. The direct and proximate results of the Defendant's acts subjected the Plaintiff to suffer severe and permanent injuries including anxiety, nightmares and post traumatic stress disorder, was forced to endure and still endures great pain and mental suffering and to incur medical and legal expenses, and was deprived of her physical liberty.

WHEREFORE, the Plaintiff, Laurie Gilbert demands judgment against Defendants Haggarty and Dube, jointly and severally for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and § 1988 for this action, and for such other relief as this Court deems just and proper.

## COUNT III

### False arrest and illegal imprisonment against Haggarty, Dube and Doe

72. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this complaint, with the same force and effect as if fully set forth herein.

73. At all times material and relevant herein, Defendants Haggarty, Dube and Doe were acting as police officers of the Lawrence Police Department.

74. Said false arrest and illegal imprisonment were in violation of the laws of the United States of America and the Commonwealth of Massachusetts.

75. As a direct and proximate result of the Defendants' acts the Plaintiff has suffered injuries as aforesaid and greatly injuring Plaintiff's reputation bringing her into public scandal, disrepute and disgrace.

WHEREFORE, the Plaintiff, Laurie Gilbert, demands judgment against Defendants Haggarty, Dube and Doe for compensatory damages in an amount determined by a jury to be

9

fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 for this action and for such other relief as this Court deems just and proper.

### COUNT IV

### Malicious Prosecution following false arrest

76. On or about March 18, 2002, Laurie Gilbert was lawfully present in Lawrence, Massachusetts and was bringing her son, Jason Macleod to the hospital. Although Plaintiff went about her business and committed no crime, Defendants Haggarty and Dube with deliberation and malice, and without probable cause detained and arrested the Plaintiff on the charges of possession of marijuana and possession of crack cocaine.

77. That Defendants Haggarty and Dube falsely, maliciously and without probable cause or provocation charged Plaintiff with the crimes of possession of marijuana and possession of crack cocaine.

78. Plaintiff was held for several hours as a result of said charges.

79. On or about April 26, 2002, the charges were dismissed and the matter resolved in Plaintiff's favor.

80. As a proximate result of the criminal charges initiated by Defendants Haggarty and Dube, Plaintiff, Laurie Gilbert has been damaged aforesaid including costs and attorney's fees for $7,500.00 incurred in defending the false charges.

81. The acts of Defendants Haggarty and Dube were willful, wanton, malicious and oppressive, and were motivated solely by a desire to harm Plaintiff for refusing to purchase drugs on behalf of the undercover officers or by hatred or ill will toward Plaintiff.

WHEREFORE, the Plaintiff, Laurie Gilbert demands judgment against Defendants Haggarty and Dube, jointly and severally for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 and for such other relief as this Court deems just and proper.

COUNT V

Conspiracy to Maliciously Prosecute

82. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this complaint, with the same force and effect as if fully set forth herein.

83. Between March 18, 2002 and April 26, 2002 Defendants Haggarty and Dube conspired, agreed and acted in concert to falsely and maliciously initiate a criminal prosecution of Plaintiff for the crime of possession of crack cocaine and possession of marijuana.

84. Among the acts pursuant to such conspiracy and agreement, Defendants fabricated evidence for procuring said prosecution.

85. Thereafter on or about April 26, 2002, the case was dismissed thereby terminating the prosecution in favor of the Plaintiff.

86. As a proximate result of the criminal charge initiated by Defendants, the Plaintiff, Laurie Gilbert has suffered damages as aforesaid including costs and attorney's fees of $7,500.00 in the defense of the charges.

WHEREFORE, the Plaintiff, Laurie Gilbert demands judgment against Defendants Haggarty and Dube, jointly and severally for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 for this action and for such other relief as this Court deems just and proper.

COUNT VI

87. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this complaint, with the same force and effect as if fully set forth herein.

88. Said force used against Plaintiff was unreasonable and constituted assault and battery under the laws of the Commonwealth of Massachusetts and in violation of M.G.L.c. 12 § 11H and 11I.

89. As a direct and proximate result of the Defendants' acts the Plaintiff has suffered damages as aforesaid.

WHEREFORE, the Plaintiff, Laurie Gilbert, demands judgment against all Defendants for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees for this action and for such other relief as this Court deems just and proper.

### COUNT VII

90. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this count, with the same force and effect as if fully set forth herein.

91. Said false arrest and illegal imprisonment violated Plaintiff's rights under the laws of the Commonwealth of Massachusetts in violation of M.G.L.c. 12 § 11H and 11I.

92. As a result of said arrest and false imprisonment Plaintiff suffered damages as aforesaid.

WHEREFORE, the Plaintiff, Laurie Gilbert, demands judgment against all Defendants for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees for this action and for such other relief as this Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.

Dated: March 16, 2005

Respectfully Submitted,
LAURIE GILBERT

By Her attorney
Richard N. Foley, Esq.
414 State St.
Portsmouth, NH  03801
(603) 433-1303
BBO #: 553321

COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss                                          SUPERIOR COURT CIVIL ACTION
                                                    NO. 05-432C

| | |
|---|---|
| LAURIE GILBERT, | ) |
|           Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JOHN HAGGARTY, | ) |
|           **Defendant.** | ) |

## NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL

To:   Clerk of Court
       Essex County Superior Court
       Superior Courthouse
       34 Federal Street
       Salem, MA 01970

       Richard N. Foley, Esquire
       414 State Street
       Portsmouth, NH 03801

    Pursuant to 28 U.S.C. § 1446(d), the Defendants file herewith a true copy of the Notice Of Removal previously filed in the United States District Court for the District of Massachusetts, and a true copy of the Notice Of Filing Of Notice Of Removal.

Dated: April 7, 2005
f:\lpa\gilbert\pldgs\not.sc.not.rem.doc

                              Respectfully submitted,
                              For the Defendants,
                              **John Haggarty, Timothy B. Dube,**
                              **John Doe,**
                              By their attorney,

                              _____
                              Matthew E. Dwyer (BBO# 139840)
                              Dwyer, Duddy and Facklam
                              Attorneys At Law, P.C.
                              One Center Plaza, Suite 360
                              Boston, MA 02108
                              (617) 723-9777

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Gilbert v. John Haggarty, et al.__

    05-10746-RWZ

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ✓ II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    ✓ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

    IV.  220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

    V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

    MacLeod v. Haggarty, et al.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                                    YES ____    NO ✓

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                                    YES ____    NO ✓
    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
                                                                                    YES ____    NO ____

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                                    YES ____    NO ____

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
                                                                                    YES ____    NO ✓

    A.  If yes, in which division do all of the non-governmental parties reside?

        Eastern Division ____    Central Division ____    Western Division ____

    B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

        Eastern Division ✓    Central Division ____    Western Division ____

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
                                                                                    YES ____    NO ✓

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Matthew E. Dwyer, Esquire, Brian M. Maser, Esquire__
ADDRESS __Dwyer, Duddy and Facklam, P.C., One Center Plaza, Suite 360, Boston, MA 02108__
TELEPHONE NO. __(617) 723-9777__

(CategoryForm.wpd - 2/15/05)

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
Laurie Gilbert

**(b)** County of Residence of First Listed Plaintiff: Belknap, NH
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Richard N. Foley, Esquire, 414 State Street, Portsmouth, NH 03801

### DEFENDANTS
John Haggarty, Timothy B. Dube, John Doe

County of Residence of First Listed Defendant: Essex, MA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Matthew E. Dwyer, Esquire, Brian M. Maser, Esquire, Dwyer, Duddy and Facklam, One Center Plaza, # 360, Boston, 02108

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [X] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury - Med. Malpractice
- [ ] 365 Personal Injury - Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [X] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence
  Habeas Corpus:
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R.R. & Truck
- [ ] 650 Airline Regs.
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt. Relations
- [ ] 730 Labor/Mgmt. Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit
- [ ] 490 Cable/Sat TV
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes

### V. ORIGIN (Place an "X" in One Box Only)
- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. 1331

Brief description of cause:
Civil Action by plaintiff to recover damages for injuries sustained and to redress deprivation of rights

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes  [ ] No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 04/14/2005

SIGNATURE OF ATTORNEY OF RECORD
B. M. M.

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____