UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURIE GILBERT,<br>          Plaintiff,<br><br>v.<br><br>JOHN HEGGARTY, ET AL.,<br>          Defendant. | )<br>)<br>)<br>)   05-10746-RWZ<br>)<br>)<br>) |

## ANSWER OF THE DEFENDANT TIMOTHY B. DUBE

Now come the Defendant Timothy B. Dube (hereinafter, "Dube," or "the Defendant") in the above-entitled matter and for his answer to each paragraph of Plaintiff's "Complaint And Jury Claim" states as follows:

### Introductory Statement

1. This is an introductory paragraph to which no response is required.

### Parties

2. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

3. Dube admits that John Heggarty was a City of Lawrence Police Officer in March 2002, otherwise denied.

4. Dube admits that he was a City of Lawrence Police Officer in March 2002, otherwise denied.

5. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

6. This paragraph contains legal conclusions which do not require a response.

### Factual Allegations

7. Admitted.

8. Admitted.

9. Denied.

10. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

11. Admitted that two (2) girls approached the Plaintiff's car, one (1) of whom knocked on the passenger-side window, otherwise denied.

12. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

13. Admitted that the Plaintiff drove away, otherwise denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted that the police car pulled her over, otherwise denied.

18. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

19. Admitted that two (2) officers in plain clothes approached the car and the Plaintiff put her window down, otherwise denied.

20. Denied.

21. Admitted.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Admitted that the Plaintiff stated that she purchased the pepper spray in New Hampshire, otherwise denied.

27. Denied.

28. Denied.

29. Denied.

30. Admitted that the Defendant found a Winston cigarette pack in the car, otherwise denied.

31. Denied.

32. Denied.

33. Admitted.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

46. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

47. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

48. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

3

49. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

50. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

51. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

52. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

53. The Defendant is without sufficient information to enable him to either admit or deny the allegations contained in this paragraph and so deny same.

## Count I

### 42 U.S.C. § 1983 against Heggarty and Dube

54. The Defendant incorporates in their entirety his responses to paragraphs one (1) through fifty-three (53) set forth above.

55. Admitted that on the evening of March 18, 2002, at approximately 10:40 p.m., the Defendant dressed in plain clothes and traveling in an unmarked car stopped the car that the Plaintiff was a passenger in, otherwise denied.

56. Admitted that the Plaintiff was ordered to and did step out of the vehicle, otherwise denied.

57. Denied.

58. Denied.

59. Admitted.

60. Admitted that the Defendant placed the Plaintiff in custody, otherwise denied.

61. Admitted that the Plaintiff was charged with possession of marijuana and possession of crack cocaine, otherwise denied. Further answering, the Plaintiff was also charged with possession

of ammunition without an FID card and failure to use her directional while operating a motor vehicle.

62. Denied to the extent that the Plaintiff was detained without cause, otherwise the Defendants are without sufficient information to enable them to either admit or deny the remaining portion of the allegations contained in this paragraph and so deny same.

63. Denied.

64. Denied.

## Count II

### Assault and Battery against Defendant Heggarty

65. The Defendant incorporates in their entirety his responses to paragraphs one (1) through fifty-three (53) set forth above.

66. Admitted that the Plaintiff was detained, otherwise denied.

67. Denied that any assault took place.

68. Denied that any assault took place.

69. Denied.

70. Denied.

71. Denied.

## Count III

### False arrest and illegal imprisonment against Heggarty, Dube and Doe

72. The Defendant incorporates in their entirety his responses to paragraphs one (1) through fifty-three (53) set forth above.

73. Admitted that Heggarty and Dube were acting as police officers, otherwise denied.

74. This paragraph contains legal conclusions which do not require a response.

75. Denied.

5

## Count IV

### Malicious Prosecution following false arrest

76. Admitted that the Plaintiff was in Lawrence on March 18, 2002, where she was detained, arrested, and charged with possession of marijuana and crack cocaine, otherwise denied. Further answering, the Plaintiff was also charged with possession of ammunition without an FID card and failure to use her directional while operating a motor vehicle.

77. Admitted that the Plaintiff was charged with possession of marijuana and crack cocaine, otherwise denied. Further answering, the Plaintiff was also charged with possession of ammunition without an FID card and failure to use her directional while operating a motor vehicle.

78. The Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations and so deny same.

79. The Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations and so deny same.

80. Denied.

81. Denied.

## Count V

### Conspiracy to Maliciously Prosecute

82. The Defendant incorporates in their entirety his responses to paragraphs one (1) through fifty-three (53) set forth above.

83. Denied.

84. Denied.

85. The Defendants is without knowledge or information sufficient to form a belief as to the truth of the allegations and so deny same.

86. Denied.

6

## Count VI

87.    The Defendant incorporates in their entirety his responses to paragraphs one (1) through fifty-three (53) set forth above.

88.    This paragraph contains legal conclusions which do not require a response.

89.    Denied.

## Count VII

90.    The Defendant incorporates in their entirety his responses to paragraphs one (1) through fifty-three (53) set forth above.

91.    This paragraph contains legal conclusions which do not require a response.

92.    Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim against Defendants upon which relief can be granted.

### Second Affirmative Defense

Service of process was insufficient as a matter of law.

### Third Affirmative Defense

Plaintiff's state law claims are barred under the provisions of M.G.L. c. 258 §10.

### Fourth Affirmative Defense

Defendants state that their actions and conduct were performed according to and protected by law and/or legal process and therefore Plaintiff cannot recover.

### Fifth Affirmative Defense

Defendants state that they were privileged in their conduct and acts and therefore Plaintiff cannot recover.

7

### Sixth Affirmative Defense

Defendants state that if Plaintiff suffered injuries or damages as alleged, such injuries or damages were caused by someone for whose conduct Defendants were not and are not legally responsible.

### Seventh Affirmative Defense

Defendants are entitled to immunity based upon good faith in that the harm suffered by Plaintiff was not a result which reasonable persons in Defendants' positions would have known would result from such action.

### Eighth Affirmative Defense

Defendants state that at all times relevant hereto they acted without malice toward Plaintiff and that their actions relative to Plaintiff were privileged by virtue of their reasonable, good faith belief that their actions were lawful and within the scope of their discretionary authority as police officers.

### Ninth Affirmative Defense

Defendants are qualifiedly immune from this suit as the alleged acts complained of occurred within the scope of their official duties.

### Tenth Affirmative Defense

Defendants state that any force used toward Plaintiff was reasonable under the circumstances.

### Eleventh Affirmative Defense

Defendants state that they were justified in their conduct and acts and therefore are not liable to the Plaintiff as alleged in the Complaint.

### Twelfth Affirmative Defense

Plaintiff's claims against Defendants are frivolous, without any basis in fact and not advanced in good faith. Defendants are therefore entitled to attorney's fees, costs and any other sanctions the Court deems appropriate under the terms and provisions of 42 U.S.C. 1983.

8

DEFENDANTS CLAIM TRIAL BY JURY.

> Respectfully submitted,
> For the Defendants,
> **John Heggarty and Timothy B. Dube,**
> By their attorneys,
>
> _____
> Matthew E. Dwyer, B.B.O.# 139840
> Brian M. Maser, B.B.O. # 655667
> Dwyer, Duddy and Facklam, P.C.
> One Center Plaza, Suite 360
> Boston, MA 02108
> (617) 723-9777

Dated: 4.19.05
f:\lpa\gilbert\pldgs\answer.dube.doc

## CERTIFICATE OF SERVICE

I, Brian M. Maser, do hereby certify that a true copy of the foregoing document has been served via first class mail, postage prepaid, this 19th day of April, 2005, upon:

Richard N. Foley, Esquire
414 State Street
Portsmouth, NH 03801.

_____
Brian M. Maser