MAS-20041213            Commonwealth of Massachusetts            07/14/2005
collado                       ESSEX SUPERIOR COURT                 10:55 AM
                                   Case Summary
                                    Civil Docket

## ESCV2005-00432
### Gilbert v Haggarty et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 03/17/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 07/14/2005 | **Session** | C - Civil-CtRm 1 (Lawrence) | | |
| **Origin** | 1 | **Case Type** | B99 - Misc tort | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 06/15/2005 | **Answer** | 08/14/2005 | **Rule12/19/20** | 08/14/2005 |
| **Rule 15** | 08/14/2005 | **Discovery** | 01/11/2006 | **Rule 56** | 02/10/2006 |
| **Final PTC** | 03/12/2006 | **Disposition** | 05/11/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Laurie Gilbert
10 Range Road
Belmont, NH 03220
Active 03/17/2005

**Private Counsel 553321**
Richard N Foley
414 State Street
Portsmouth, NH 03801
Phone: 603-433-1303
Fax: 603-431-0542
Active 03/17/2005 Notify

**Defendant**
John Haggarty
Lawrence, MA 01840
Service pending 03/17/2005

**Defendant**
Timothy B Dube
Lawrence, MA 01840
Service pending 03/17/2005

**Defendant**
John Doe
Service pending 03/17/2005

*A TRUE COPY ATTEST*
[signature]
DEPUTY ASS'T. CLERK

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 03/17/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 03/17/2005 | | Origin 1, Type B99, Track F. |
| 07/14/2005 | 2.0 | Certified Copy of Notice for Removal to the United States District |

case01 221518 y y y y y                                                  Page 1 of 2

Case 1:05-cv-10746-RWZ   Document 11   Filed 08/09/2005   Page 2 of 18

MAS-20041213
collado

Commonwealth of Massachusetts
ESSEX SUPERIOR COURT
Case Summary
Civil Docket

07/14/2005
10:55 AM

## ESCV2005-00432
## Gilbert v Haggarty et al

| Date | Paper | Text |
|---|---|---|
|  | 2.0 | Court filed by John Haggarty, Timothy B Dube, John Doe |
| 07/14/2005 | 3.0 | ORDER transferring case to United States District Court (Thomas Murtagh, Justice) |
| 07/14/2005 |  | Case REMOVED this date to US District Court of Massachusetts |

EVENTS

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT
                                              LAWRENCE SESSION

LAURIE GILBERT            }
      Plaintiff           }
                          }
v.                        }        DOCKET #: 05 432C
                          }
JOHN HAGGARTY,            }
TIMOTHY B. DUBE,          )
JOHN DOE,                 }                    FILED
      Defendants          }             IN THE SUPERIOR COURT
                                        FOR THE COUNTY OF ESSEX

           COMPLAINT AND JURY CLAIM              MAR 17 2005

                                              [signature]
           INTRODUCTORY STATEMENT                 CLERK

1.   This is a civil action by the Plaintiff, brought
     pursuant to 42 U.S.C. § 1983 and § 1988 and the Fourth,
     Fifth and Fourteenth Amendments of the United States
     Constitution and under the common law of the
     Commonwealth of Massachusetts seeking to recover
     compensatory and punitive damages for injuries and to
     redress deprivation under the color of law, ordinance,
     regulations, customs, or usage of a right, privilege,
     and immunity secured to the Plaintiff by the United
     States Constitution, the laws of the United States and
     the Constitution and laws of the Commonwealth of
     Massachusetts.

                        PARTIES

2.   The Plaintiff, Laurie Gilbert, is and all times relevant
     to this Complaint, a citizen of the United States and a
     resident of the town of Belmont, County of Belknap,
     State of New Hampshire, residing at 10 Range Road,
     Belmont, NH.

3.   The Defendant, John Haggarty, (hereinafter referred to
     as 'Haggarty') was at all times mentioned herein, a duly
     appointed and active officer for the City of Lawrence,
     Commonwealth of Massachusetts, acting under the color of

A TRUE COPY. ATTEST
[signature]
DEPUTY ASS'T. CLERK

law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages.

4. The Defendant, Timothy Dube, (hereinafter referred to as 'Dube') was at all times mentioned herein, a duly appointed and active officer for the City of Lawrence, Commonwealth of Massachusetts, acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages.

5. The Defendant, John Doe, and others not presently known to Plaintiff were, at all times material to this Complaint, duly appointed and active police officers for the City of Lawrence, Massachusetts, acting under the color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and uses.

6. Plaintiff sues all Defendants in their individual capacities.

### FACTUAL ALLEGATIONS

7. On or about March 18, 2002, Plaintiff, Laurie Gilbert was parked in front of 96 Park Street, Lawrence, Massachusetts.

8. Mrs. Gilbert was with her son, Jason Macleod.

9. Mrs. Gilbert was taking her son to Holy Family Hospital in Methuen, Massachusetts due to her son having a badly injured ankle.

10. Mrs. Gilbert was unfamiliar with the area and pulled over on the side of the road to try to ascertain directions to Holy Family Hospital.

11. While parked on the side of the road she called her husband, Greg, to let him know that I was lost. After speaking to her husband two girls walked up the road, came over to the car and knocked on the passenger side window.

12. She put the window down a little bit and asked them about directions to Holy Family Hospital.

2

13. The girls could not speak English and Mrs. Gilbert wasn't sure what they were saying except for a statement of $25.00. So she put the window up and drove away.

14. Mrs. Gilbert went up the road, turned around and drove back to the lights. She took a right and headed back towards Friendly's restaurant which she knew was a landmark.

15. Mrs. Gilbert only had gone a short distance when she noticed blue lights behind her.

16. She couldn't pull right over because there were a lot of cars parked on the side of the road.

17. Mrs. Gilbert pulled over as soon as possible and the police car pulled over behind her.

18. She did not understand why she was being pulled over.

19. Two officers in plain clothes approached her car. She put her window down and asked them what the problem was.

20. The larger officer asked for her license and registration and as she was looking in her pocketbook for her license, he ordered both Jason and Mrs. Gilbert out of the car.

21. The larger officer brought her to the sidewalk and started asking her who the two girls were that came up to her car while she was parked across from the store.

22. Mrs. Gilbert told him that she didn't know who they were and explained to him that she was looking for Holy Family Hospital but had gotten lost somehow.

23. The officer asked her if she would go back to the street she was on and try to buy drugs from the two girls.

24. When she refused to do this, he said that if she would help them, they would help her and she wasn't dealing with "some small time or small town New Hampshire cops that she was dealing with the big boys now."

3

25. Mrs. Gilbert refused to do what they wanted her to do and started questioning if they were even police officers.

26. The small officer was done searching Mrs. Gilbert's car and had retrieved a can of pepper spray that was in her pocketbook. She told him that she had bought it at Ames Department Store in Laconia, New Hampshire.

27. At this time the larger officer asked Mrs. Gilbert again about going back to the girls and she still refused. The officer then said, "You wouldn't want anything to happen to your son, would you?"

28. The small officer told Jason to turn around and not look at Mrs. Gilbert or the cops.

29. The larger officer also turned Mrs. Gilbert away from the car while the small officer got back into the car.

30. The small officer came out of the car with a Winston cigarette pack which Mrs. Gilbert had never seen or even knew anyone who smoked that brand and told the larger officer to arrest them.

31. As Mrs. Gilbert was being handcuffed she told the officer that she was being treated for a back injury from a car accident but he did not appear to care as he treated her very roughly.

32. The officers claimed they found two grams of cocaine in Mrs. Gilbert's car, however, neither Jason nor herself saw any drugs, just the Winston box.

33. Jason and Mrs. Gilbert were brought to the police station.

34. Once inside the police station there were several different officers inside laughing and joking and taunting them.

35. Mrs. Gilbert asked one of the officers if he could undo her handcuffs because her back was killing her. One officer took them off and the room went black.

36. While at the police station the officers were very rude and unprofessional. Mrs. Gilbert asked them how they could sleep at night as their behavior was inexcusable.

37. The large officer became extremely angry, grabbed her by her shoulders and twisted her around and dragged her around the corner.

38. While he was doing this he was squeezing the back of her neck while he opened the cell door.

39. He threw Mrs. Gilbert in the cell with such force that she fell to the floor, slid and hit her head on the wall.

40. Mrs. Gilbert told him he was hurting her and he said he didn't care.

41. He then started kicking Mrs. Gilbert in her legs and she remembered sliding across the floor trying to get away from him.

42. The officer continued to kick her saying, "Don't worry I won't hit you in your pretty face where it will show" all the while muttering obscenities and kicking her in her shins.

43. Mrs. Gilbert was shouting for help and no one came.

44. After a few minutes the officer shut the cell door and left.

45. Mrs. Gilbert's legs were red and swollen and her back pain was so bad she could hardly sit down.

46. Mrs. Gilbert asked for a doctor and no one responded.

47. An older officer came in and she asked him for a doctor and he said he couldn't do that.

48. Eventually Mrs. Gilbert was bailed by her sister and got home at approximately 2:00 AM.

49. She couldn't sleep all night due to pain and also fear as she had to be back in Lawrence the next day for an arraignment.

5

50. By 6:00 AM Mrs. Gilbert became physically sick thinking about having to go to Lawrence.

51. The closer she got to the city the sicker she became and her back and legs were hurting so badly that she had to fight back tears.

52. After being arraigned she went to the hospital where the doctor advised her that he could tell that the injuries on her legs were kick marks.

53. Due to the great physical, emotional and psychological trauma of the evening with the Lawrence police, Mrs. Gilbert endures physical pain and has difficulty sleeping. She has nightmares and flashbacks and suicidal thoughts.

### COUNT 1

### 42 U.S.C. § 1983 against Haggarty and Dube

54. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this count, with the same force and effect as if fully set forth herein.

55. On the evening of March 18, 2002 at approximately 10:40 PM Defendants Haggarty and Dube dressed in plain clothes and traveling in an unmarked car, stopped the Plaintiff. The Plaintiff had violated no law, and Defendants had seen no evidence of probable cause that the Plaintiff had committed an offense nor did Defendants have any justification or authority whatever for stopping Plaintiff.

56. The Plaintiff stepped from her automobile in full cooperation with Defendants Haggarty and Dube. Said Defendants abused her verbally and searched her automobile. At no time before or during this interrogation and search did Defendants see or find any evidence of probable cause that Plaintiff had committed any offense against the laws of the Commonwealth of Massachusetts or the City of Lawrence.

57. Although Defendants Haggarty and Dube found no evidence of any violation of law by Plaintiff, they continued to

verbally abuse and threaten the Plaintiff and her son, Jason Macleod.

58. When Plaintiff would not succumb to the officers' demands and threats, they again purportedly searched her vehicle and this time claimed to have found drugs.

59. The officers then charged with possession of marijuana and possession of crack cocaine.

60. Although Defendants Haggarty and Dube had found no evidence of any violation of the law by Plaintiff, the Defendants placed the Plaintiff in custody, and transported her to the Lawrence Police Department.

61. Without probable cause or any justification whatsoever, Defendants Haggarty and Dube agreed to and did maliciously charge Plaintiff with the following offenses: possession of marijuana and possession of crack cocaine under the laws of the Commonwealth of Massachusetts.

62. Because of Defendants Haggarty and Dube' malicious charges against Plaintiff, Plaintiff was further detained without cause by the police at the Lawrence Police Station until she was bailed out by her sister.

63. As a direct and proximate result of the unlawful detention, search, arrest and beating of Plaintiff and the malicious charges placed against her, the Plaintiff, Laurie Gilbert, suffered the following injuries and damages:

    a) Violation of her constitutional rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person and to due process of law;
    b) Loss of her physical liberties;
    c) Physical pain and suffering and great emotional trauma and suffering, requiring expenditure of money for treatment;
    d) Incurrence of legal costs.

7

64. The actions of the Defendant officers' Haggarty and Dube violated the following clearly established and well settled constitutional rights of Laurie Gilbert:

    a) Freedom from the unreasonable seizure of her person;
    b) Freedom from the use of excessive, unreasonable and unjustified force against her person;
    c) Due process of the law.

WHEREFORE, the Plaintiff, Laurie Gilbert, demands judgment against the Defendants Haggarty and Dube jointly and severally for compensatory damages in an amount determined by the jury to be fair and just, for punitive damages, costs, and attorney fees pursuant to 42 U.S.C. § 1983 and § 1988 for this action and for such other relief as this Court deems just and proper.

## COUNT II

### Assault and battery against Defendant Haggarty

65. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this complaint, with the same force and effect as if fully set forth herein.

66. The Plaintiff was detained at the Lawrence Police Department wherein the larger officer believed to be Defendant Haggarty repeatedly assaulted the Plaintiff.

67. At the time of the assault the Plaintiff was not violating any laws, was not attempting to interfere with the Defendant's execution of his duties, and was not engaged in any assault behavior towards the Defendant.

68. The said assault by the Defendant was not justified by any actions of the Plaintiff and constituted an unreasonable and excessive use of force.

69. The actions alleged above deprived the Plaintiff of the following rights under the United States Constitution:

    a) Freedom from excessive and unreasonable force
    b) Freedom from deprivation of liberty without due process of law

8

    c)    Freedom from summary punishment

70. Defendant Haggarty subjected Plaintiff to such deprivations by either malice or a reckless disregard of Plaintiff's rights.

71. The direct and proximate results of the Defendant's acts subjected the Plaintiff to suffer severe and permanent injuries including anxiety, nightmares and post traumatic stress disorder, was forced to endure and still endures great pain and mental suffering and to incur medical and legal expenses, and was deprived of her physical liberty.

WHEREFORE, the Plaintiff, Laurie Gilbert demands judgment against Defendants Haggarty and Dube, jointly and severally for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and § 1988 for this action, and for such other relief as this Court deems just and proper.

## COUNT III

### False arrest and illegal imprisonment against Haggarty, Dube and Doe

72. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this complaint, with the same force and effect as if fully set forth herein.

73. At all times material and relevant herein, Defendants Haggarty, Dube and Doe were acting as police officers of the Lawrence Police Department.

74. Said false arrest and illegal imprisonment were in violation of the laws of the United States of America and the Commonwealth of Massachusetts.

75. As a direct and proximate result of the Defendants' acts the Plaintiff has suffered injuries as aforesaid and greatly injuring Plaintiff's reputation bringing her into public scandal, disrepute and disgrace.

WHEREFORE, the Plaintiff, Laurie Gilbert, demands judgment against Defendants Haggarty, Dube and Doe for compensatory damages in an amount determined by a jury to be

fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 for this action and for such other relief as this Court deems just and proper.

### COUNT IV

### Malicious Prosecution following false arrest

76. On or about March 18, 2002, Laurie Gilbert was lawfully present in Lawrence, Massachusetts and was bringing her son, Jason Macleod to the hospital. Although Plaintiff went about her business and committed no crime, Defendants Haggarty and Dube with deliberation and malice, and without probable cause detained and arrested the Plaintiff on the charges of possession of marijuana and possession of crack cocaine.

77. That Defendants Haggarty and Dube falsely, maliciously and without probable cause or provocation charged Plaintiff with the crimes of possession of marijuana and possession of crack cocaine.

78. Plaintiff was held for several hours as a result of said charges.

79. On or about April 26, 2002, the charges were dismissed and the matter resolved in Plaintiff's favor.

80. As a proximate result of the criminal charges initiated by Defendants Haggarty and Dube, Plaintiff, Laurie Gilbert has been damaged aforesaid including costs and attorney's fees for $7,500.00 incurred in defending the false charges.

81. The acts of Defendants Haggarty and Dube were willful, wanton, malicious and oppressive, and were motivated solely by a desire to harm Plaintiff for refusing to purchase drugs on behalf of the undercover officers or by hatred or ill will toward Plaintiff.

WHEREFORE, the Plaintiff, Laurie Gilbert demands judgment against Defendants Haggarty and Dube, jointly and severally for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 and for such other relief as this Court deems just and proper.

## COUNT V

### Conspiracy to Maliciously Prosecute

82. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this complaint, with the same force and effect as if fully set forth herein.

83. Between March 18, 2002 and April 26, 2002 Defendants Haggarty and Dube conspired, agreed and acted in concert to falsely and maliciously initiate a criminal prosecution of Plaintiff for the crime of possession of crack cocaine and possession of marijuana.

84. Among the acts pursuant to such conspiracy and agreement, Defendants fabricated evidence for procuring said prosecution.

85. Thereafter on or about April 26, 2002, the case was dismissed thereby terminating the prosecution in favor of the Plaintiff.

86. As a proximate result of the criminal charge initiated by Defendants, the Plaintiff, Laurie Gilbert has suffered damages as aforesaid including costs and attorney's fees of $7,500.00 in the defense of the charges.

WHEREFORE, the Plaintiff, Laurie Gilbert demands judgment against Defendants Haggarty and Dube, jointly and severally for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees pursuant to 42 U.S.C. § 1983 and 1988 for this action and for such other relief as this Court deems just and proper.

## COUNT VI

87. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this complaint, with the same force and effect as if fully set forth herein.

88. Said force used against Plaintiff was unreasonable and constituted assault and battery under the laws of the Commonwealth of Massachusetts and in violation of M.G.L.c. 12 § 11H and 11I.

11

89. As a direct and proximate result of the Defendants' acts the Plaintiff has suffered damages as aforesaid.

WHEREFORE, the Plaintiff, Laurie Gilbert, demands judgment against all Defendants for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees for this action and for such other relief as this Court deems just and proper.

### COUNT VII

90. Plaintiff alleges and re-alleges Paragraphs 1 through 53 of this count, with the same force and effect as if fully set forth herein.

91. Said false arrest and illegal imprisonment violated Plaintiff's rights under the laws of the Commonwealth of Massachusetts in violation of M.G.L.c. 12 § 11H and 11I.

92. As a result of said arrest and false imprisonment Plaintiff suffered damages as aforesaid.

WHEREFORE, the Plaintiff, Laurie Gilbert, demands judgment against all Defendants for compensatory damages in an amount determined by a jury to be fair and just, for punitive damages, costs and attorney's fees for this action and for such other relief as this Court deems just and proper.

PLAINTIFF DEMANDS TRIAL BY JURY.


Dated:   March 16, 2005            Respectfully Submitted,
                                   LAURIE GILBERT


                                   _____
                                   By Her attorney
                                   Richard N. Foley, Esq.
                                   414 State St.
                                   Portsmouth, NH   03801
                                   (603) 433-1303
                                   BBO #: 553321

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-432 C | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| LADRIE GILBERT | |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| RICHARD N. FOLEY 141 Pine St, Portsmouth N.H. 03801 | |
| Board of Bar Overseers number: | |

**Origin code and track designation**

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | CIVIL RIGHTS | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses .............................................................. $ ........
 2. Total Doctor expenses ............................................................... $ ........
 3. Total chiropractic expenses ........................................................ $ ........
 4. Total physical therapy expenses ................................................. $ ........
 5. Total other expenses (describe) ................................................. $ ........
 Subtotal $ ........
B. Documented lost wages and compensation to date .............................. $ ........
C. Documented property damages to date .............................................. $ ........
D. Reasonably anticipated future medical and hospital expenses .............. $ ........
E. Reasonably anticipated lost wages .................................................... $ ........
F. Other documented items of damages (describe)
 $ ........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

BRUISING, PTSD

**FILED**
IN THE SUPERIOR COURT
FOR THE COUNTY OF ESSEX
TOTAL $ ........

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

MAR 17 2005

Provide a detailed description of claim(s):

Thomas H. Driscoll Jr.
CLERK

TOTAL $ ........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 3/17/05

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURIE GILBERT,<br>        Plaintiff,<br><br>v.<br><br>JOHN HAGGARTY,<br>        Defendant. | 05-10746-RWZ |

### NOTICE OF REMOVAL

Defendants, John Haggarty (hereinafter, "Haggarty"), Timothy B. Dube (hereinafter, "Dube"), and John Doe (hereinafter, "Doe"), the Defendants (hereinafter, "the Defendants") in the above-entitled cause, hereby file this Notice Of Removal of the above-described action to the United States District Court for the District of Massachusetts from Essex County Superior Court, Case No. 05-432C, where the action is now pending as provided by Title 28, U.S. Code, Chapter 98 and state:

1. The above-entitled action was commenced in the Superior Court of Essex County, State of Massachusetts, and is now pending in that court. Process was served on the Defendants on March 17, 2005. A copy of the Plaintiff's complaint and summons setting forth the claim for relief upon which the action is based was first received by the Defendants on March 17, 2005.

2. This action was commenced against the Defendants in Essex County Superior Court by the Plaintiff and alleges that the Defendants violated the Plaintiff's constitutional rights secured by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person and to due process of law. The United States District Court for the District of Massachusetts has original jurisdiction by reason of 28 U.S.C. § 1331 in that the action arises under the Laws of the United States that, as appears from the complaint, the Plaintiff bases her claim for relief against the Defendants by virtue of and under the federal statutes and acts of Congress.

3. Defendants further allege that the action was commenced by the filing of the complaint on March 16, 2005, and the service of process on Defendants on March 17, 2005, and that the time has not elapsed within which they are allowed to file this notice of removal of action to this court.

4. A copy of all process, pleadings, and orders served upon the Defendants is filed with this notice.

5. The Defendants will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

6. A copy of this notice will be filed with the clerk of the Essex County Superior Court as required by 28 U.S.C. § 1446(d).

WHEREFORE, the Defendants request that this action proceed as an action properly removed to it.

Dated: April 7, 2005
f:\ipa\gilbert\pldgs\req.removal.doc

                Respectfully submitted,
                For the Defendants,
                **John Haggarty, Timothy B. Dube,**
                **John Doe,**
                By their attorney,

                _/s/ Matthew E. Dwyer_
                Matthew E. Dwyer (BBO# 139840)
                Dwyer, Duddy and Facklam
                Attorneys At Law, P.C.
                One Center Plaza, Suite 360
                Boston, MA 02108
                (617) 723-9777

**Commonwealth of Massachusetts**
County of Essex
The Superior Court



CIVIL DOCKET# **ESCV2005-00432**

Gilbert

vs.

Haggarty et al

---

### ORDER OF TRANSFER

Pursuant to Massachusetts General Laws Chapter 231, Section 102C, as amended, and in accordance with Superior Court Rule 29, the above referenced case is

ORDER transferring case to United States District Court (Thomas Murtagh, Justice)

Dated at Lawrence, Massachusetts this 14th day of July, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:...................................................................
Clerk

Telephone: (978) 687-7463

A TRUE COPY, ATTEST
DEPUTY ASS'T. CLERK