# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **LAURIE GILBERT,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 05-10746-RWZ** |
| | ) | |
| **JOHN HEGGARTY and TIMOTHY DUBE,** | ) | |
| **Defendants.** | ) | |

## JOINT PRE-TRIAL MEMORANDUM

**1.     COUNSEL**

<u>Plaintiff</u>
Richard M. Foley
414 State St.
Portsmouth, NH  03801
(603) 433-1303
BBO #: 553321

<u>Defendants</u>

Matthew E. Dwyer
Kathleen A. Pennini
Dwyer, Duddy and Facklam
Two Center Plaza, Suite 430
Boston, MA 02108

**II.     THE PARTIES INTEND TO HAVE THIS MATTER TRIED BEFORE A JURY.**

**III     CONCISE SUMMARY OF EVIDENCE**

The Plaintiff, Laurie Gilbert asserts that John Heggarty and Timothy Dube have inflicted damage upon her under the color of state law by improperly seizing, searching, arresting and imprisoning her.  Furthermore, John Heggarty assaulted the Plaintiff while she was in custody at the Lawrence Police Department inflicting injuries and summary punishment.  Finally, Dube and Heggarty maliciously prosecuted and conspired to maliciously prosecute the Plaintiff.  All these actions of the Defendant caused and continue to cause the Plaintiff to suffer severe emotional distress and pain and suffering.

The defendants' evidence will show the following:

At approximately 8:40 p.m. on March 18, 2002, the Defendants John Heggaty and Timothy Dube , patrol officers in the Lawrence Police Department, were on patrol in an unmarked cruiser.  Prior to March 18, 2002, these officers were aware that numerous complaints had been received about people in out-of-state motor vehicles purchasing drugs on the street. When the officers saw a car with New Hampshire license plates parked on Park Street, with occupants in the car, they parked in a lot at the intersection to watch the occupants of the car. After approximately fifteen (15) minutes of observation,  a Latina woman approached the passenger side of the car that the Defendants were watching.  The passenger in the passenger seat, Jason McLeod motioned to the woman and the woman approached Mr. McLeod's window. The Defendants saw Mr. McLeod and the Latina female exchange something through the window, and then the female walked away from the car, adn teh driver pulled away from teh curb.

Based on experience,. the Defendants believed that they had witnessed a drug transaction, and followed Ms. Gilbert's car.  As they were following Ms. Gilbert's car, they noticed that Ms. Gilbert had taken four (4) turns, but had failed to use her directional before any turn.  Therefore, the Defendants activated their cruiser lights and siren in order to make Ms. Gilbert stop.  Despite the availability of places to pull over, Ms. Gilbert failed to pull over for more than 100 yards. Based on Ms. Gilbert's failure to immediately pull over, their training, and experience, the officers believed that the occupants of the car were attempting to hide illegal contraband before stopping for the police.

Due to fear for their safety, the Defendants asked the occupants of the vehicle to exit the vehicle.  Mr. McLeod told the officers that he was going to visit his father, and Ms. Gilbert said

that she was trying to take her son (McLeod) to the hospital due to a ankle injury.  While all the parties were standing outside of the car, Ms. Gilbert's phone, inside of the car, began to ring.  To protect himself, Officer Dube reached into the car to grab Ms. Gilbert's cell phone.  As he did, he saw what appeared to be marijuana roaches in the car and smelled marijuana. Due to the fact that he found illegal drugs in the car, Officer Dube began to inspect the vehicle and searched Ms. Gilbert's purse.  Inside the purse, Officer Dube found a can of pepper spray and packets containing what appeared to be crack cocaine.  Due to the finding of illegal contraband, the Mr. McLeod and Ms. Gilbert were arrested by the Defendants.

Furthermore, there is no evidence that any of the Defendants assaulted Ms. Gilbert in any manner while she was in the custody of the Lawrence Police Department.  Ina ddition, although Ms. Gilbert contends that she was looking for the hospital when she become lost in Lawrence, Mr. McLeod's hospital records reveal that he was seen on March 17, 2002, in Haverhill, Massachusetts for the ankle injury that she is contending that he had.  Although Ms. Gilbert suffers from physical and emotional pain, such suffering is not as a result of any action of the Defendants, but rather resulted from a motor vehicle accident in which Ms. Gilbert was involved prior to March 2002, and from fibromyalgia.

## IV.    ESTABLISHED FACTS

Not applicable.

## V.    CONTESTED ISSUES OF FACT

    A.  Whether illegal drugs were found in Ms. Gilbert's motor vehicle.

    B.  Whether Ms. Gilbert was lost while trying to take her son to the hospital for an ankle injury.

    C.  Whether Mr. McLeod had already been seen at the hospital for his injury.

    D.  Whether the interaction  between Mr. McLeod and the Latino female was an illegal drug transaction.

E.  Whether the Defendants ever requested Ms. Gilbert's assistance in an undercover drug operation.

F.  Whether Ms. Gilbert was assaulted by any police officer or the Defendants.

## VI.  JURISDICTIONAL ISSUES

The parties are unaware of any at this time.

## VII.  QUESTIONS RAISED BY PENDING MOTIONS

The Defendants filed a motion for an extension of time in which to complete fact discovery.

## VIII.  ISSUES OF LAW

The following are issue of law that may be raised by the defendants:

a.      Whether the individual defendant police officers are entitled to qualified immunity on the grounds that the plaintiffs do not establish the violation of a clearly established constitutional right; and even if the plaintiffs' allegations did establish a violation of a clearly established constitutional right, whether an objective official would have believed that the action taken violated that right. Anderson v. Creighton, 483 U.S. 635 (1987); Hatch v. Department for Children, Youth and their Families, 274 F.3d 12, 20 (1st Cir. 2001).

b.      Whether the evidence is adequate to demonstrate excessive force was used against Ms. Gilbert by the Defendants or other police officers.

c.      Whether the police officers were entitled to detain for the possession of illegal substances.

d.      Whether there was probable cause to arrest the Plaintiff.

e.       Whether there was probable cause for the Defendants to file a criminal complaint against the Plaintiff.

f.    Whether the Defendants interfered or coerced the Plaintiff in her exercise of her

federal or state statutory or constitutional rights by force, intimidation or coercion.

## IX.    REQUESTED AMENDMENTS TO THE PLEADINGS

None at this time.

## X.    ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THIS MATTER

## XI.    LENGTH OF TRIAL

The parties anticipate that the trial will last approximately two to three days..

## XI.    WITNESSES

<u>Plaintiffs</u>

Paul Ringer – 8 Nancy Drive, Belmont, NH 03220, Tel: (603) 528-4047.
Gregory Gilbert – 10 Range Road, Belmont, NH 03220, Tel: (603) 524-6263.
Laurie Gilbert – 10 Range Road, Belmont, NH 03220, Tel: (603) 524-6263.
Dr. Raicot – Chief of Staff, Lakes Region General Hospital, Highland Street, Laconia, NH 03246, Tel: (603) 524-3211.
Keeper of the Record - Lakes Region General Hospital, Highland Street, Laconia, NH 03246, Tel: (603) 524-3211.

<u>Defendants</u>

1. Timothy Dube, Lawrence Police Department, 90 Lowell Street, Lawrence, MA  01840 (978) 794-5800
2. John Heggarty, Lawrence Police Department, 90 Lowell Street, Lawrence, MA  01840 (978) 794-5800
3. Carlos Cuerva, Lawrence Police Department, 90 Lowell Street, Lawrence, MA  01840 (978) 794-5800
4. Daniel Fitzpatrick, Lawrence Police Department, 90 Lowell Street, Lawrence, MA 01840 (978) 794-5800

## XII.    EXHIBITS

The proposed exhibits are: Pictures of Plaintiff's injuries, medical records and bills

<u>Defendants</u>

The defendants propose to offer the following exhibits:

a.    Arrest report, dated March 18, 2002, for Laurie Gilbert

b.      Lawrence Police Department Evidence form from the March 18, 2002 arrest of Laurie Gilbert;

c.      Application for a criminal complaint against Laurie Gilbert, dated March 18, 2002;

d.      Booking report, dated March 18, 2002, concerning the booking of Laurie Gilbert;

e.      Incident Report, dated March 18, 2002

f.      Medical Report of Jason McLeod

g.      Medical Reports of Laurie Gilbert

The parties have reserved their rights to question admissibility of any of the foregoing exhibits.

Respectfully Submitted,
LAURIE GILBERT

For the Defendants
**JOHN HAGGERTY and TIMOTHY DUBE**,
By their attorneys,

/s/ Richard N. Foley
By her Attorney
Richard N. Foley, Esq.
414 State St.
Portsmouth, NH  03801
(603) 433-1303
BBO #: 553321

/s/ Kathleen A. Pennini
Matthew E. Dwyer
BBO # 139840
Kathleen A. Pennini
BBO # 654573
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
 Boston, MA  02108
 617-723-9777

f:\lpa\gilbert\pldgs\mem.joint.pretrial.doc:blg