UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURIE GILBERT,<br>            Plaintiff,<br><br>v.<br><br>JOHN HEGGARTY and TIMOTHY DUBE,<br>            Defendants. | )<br>)<br>)<br>)   Civil Action No. 05-10746-RWZ<br>)<br>)<br>) |

**JOINT FINAL PRE-TRIAL MEMORANDUM**

**1.   COUNSEL**

<u>Plaintiff</u>
Richard M. Foley
414 State St.
Portsmouth, NH 03801
(603) 433-1303

<u>Defendants</u>

Matthew E. Dwyer
Kathleen A. Pennini
Dwyer, Duddy and Facklam
Two Center Plaza, Suite 430
Boston, MA 02108

**II.   THE PARTIES INTEND TO HAVE THIS MATTER TRIED BEFORE A JURY.**

**III   CONCISE SUMMARY OF EVIDENCE**

The Plaintiff, Laurie Gilbert asserts that John Heggarty and Timothy Dube have inflicted damage upon her under the color of state law by improperly seizing, searching, arresting and imprisoning her. Furthermore, John Heggarty assaulted the Plaintiff while she was in custody at the Lawrence Police Department inflicting injuries and summary punishment. Finally, Dube and Heggarty maliciously prosecuted and conspired to

1

maliciously prosecute the Plaintiff. All these actions of the Defendant caused and continue to cause the Plaintiff to suffer severe emotional distress and pain and suffering.

The defendants' evidence will show the following:

At approximately 8:40 p.m. on March 18, 2002, the Defendants, John Heggarty and Timothy Dube, detectives in the Lawrence Police Department, were on patrol in an unmarked cruiser and were driving down Park Street in Lawrence, Massachusetts, when they noticed the Plaintiff and another person sitting in a vehicle with a New Hampshire license plate. Prior to March 18, 2002, these officers were aware that numerous complaints had been received about people in out-of-state motor vehicles, particularly vehicles with New Hampshire, Maine and Vermont license plates, waiting on Park Street, particularly near where it intersected with Eutaw Street, and purchasing drugs on the street. The officers drove past a Dodge Avenger with New Hampshire license plates, noticed that there were occupants in the car, and drove away and returned a few minutes later to see whether the occupants in the vehicle remained loitering the area. The officers parked in a lot at the intersection to conduct surveillance of the situation. After a few minutes of observation, during which time the passengers of the Dodge Avenger never left the vehicle, two women approached from Eutaw Street and walked in the direction of the Dodge Avenger. The person in the passenger seat, later identified as Jason McLeod, motioned to the women and the women approached Mr. McLeod's window. The Defendants saw Mr. McLeod and one of the females exchange something through the window. As the women walked away from the car, the driver pulled away from the curb.

2

Based on their experience and training, the Defendants believed that they had witnessed a drug transaction, and followed Ms. Gilbert's car. They followed Ms. Gilbert's car around the block and onto Lawrence Street. Ms. Gilbert was not immediately stopped by the Defendants as the Defendants were waiting for back-up officers, with whom the Defendants were in contact, arrived. When they realized that their "back up" would not be able to "catch up" to them before Ms. Gilbert left Lawrence and entered Methuen, the Defendants activated their cruiser lights and siren in order to make Ms. Gilbert stop on Lawrence Street, not far from the city line. Despite the availability of places to pull over, Ms. Gilbert failed to stop for more than 100 yards. Based on their training, and experience, the officers believed that the driver did not immediately pull over so that the occupants of the car could hide illegal contraband.

Due to the fact that the Defendants believed that they had witnessed a drug transaction on Park Street, the officers questioned the occupants of the automobile concerning why they were on Park Street. Mr. McLeod told the officers that he was going to visit his father, and Ms. Gilbert said that she was trying to take her son (McLeod) to the hospital due to an ankle injury. Ms. Gilbert contends that she was looking for Holy Family Hospital for Jason McLeod's ankle injury because she did not know what type of care (i.e. x-rays) that he had received at Hale Hospital where he was seen for the injury on March 17, 2002 because she had not taken him to Hale Hospital. However, she has also indicated that she was with him at Hale Hospital and was fully aware of the care provided to him at that time.

While all the parties were standing outside of the car, Ms. Gilbert's cell phone, which was on the center console inside of the car, began to ring. Ms. Gilbert wanted to

3

retrieve the phone, but for safety reasons, the Defendants could not allow her into the car. Therefore, Dube reached into the car to retrieve Ms. Gilbert's ringing cell phone. As he did so, he saw what appeared to be marijuana roaches in the ashtray and smelled marijuana. Due to the fact that he found marijuana roaches in the car, Officer Dube did a further search of the vehicle and found crack cocaine and pepper spray. Due to their possession illegal contraband, Mr. McLeod and Ms. Gilbert were arrested by the Defendants.

There is no evidence that either of the Defendants assaulted Ms. Gilbert in any manner while she was in the custody of the Lawrence Police Department. Ms. Gilbert has testified that she was assaulted at the police station by Defendant Heggarty. She describes this officer as looking like the character "Robert Barone" from the sitcom "Everybody Loves Raymond" in both stature and build. However, neither Defendant even remotely fits this description, in either height or build. Furthermore, neither Defendant wears shoes at work that are at all similar to the "shiny black shoes" that Ms. Gilbert contends were worn by the officer that assaulted her.

The hospital records and/or photographs of Ms. Gilbert's "injuries" are also not sufficient to show that Ms. Gilbert was assaulted by one of the Defendants. Although Ms. Gilbert may suffer from fibromyalgia, her suffering is not a result of any action of the Defendants. Rather, the onset of fibromyalgia is often triggered by events, such as motor vehicle accidents, in which the spinal cord suffers some trauma. Ms. Gilbert was involved in a motor vehicle accident and injured her back approximately one (1) year prior to March 18, 2002, and appeared to be suffering from symptoms of fibromyalgia prior to March 2002.

### IV. ESTABLISHED FACTS

Not applicable.

### V. CONTESTED ISSUES OF FACT

A. Whether illegal drugs were found in Ms. Gilbert's motor vehicle.

B. Whether Ms. Gilbert was lost while trying to take her son to the hospital for an ankle injury.

C. Whether Mr. McLeod had already been seen at the hospital for his injury.

D. Whether the Plaintiff was involved in an illegal drug transaction in front of 96 Park Street in Lawrence, Massachusetts.

E. Whether the Defendants ever requested Ms. Gilbert's assistance in an undercover drug operation.

F. Whether Ms. Gilbert lied to the booking officer at the police station regarding her mother.

G. Whether Ms. Gilbert committed perjury at either her deposition or in her affidavit in support of her motion to suppress evidence in her criminal charges concerning the events of March 18, 2002.

H. Whether Ms. Gilbert was assaulted by the Defendants.

I. Whether the pictures produced by the Plaintiff represent injuries sustained by the Plaintiff on March 18, 2002.

J. Whether Ms. Gilbert has been diagnosed with fibromyalgia.

K. Whether Ms. Gilbert's fibromyalgia was caused by the events on March 18, 2002.

L. Whether Ms. Gilbert was taking Remeron, or any other anti-depressant prescription drug, prior to March 18, 2002.

M. Whether Ms. Gilbert's fibromyalgia was caused by her motor vehicle accident in Pennsylvania in 2002 or by some other cause.

N. Whether the drug evidence was found in a Winston cigarette box on March 18, 2002.

**VI.   JURISDICTIONAL ISSUES**

The parties are unaware of any at this time.

**VII.   QUESTIONS RAISED BY PENDING MOTIONS**

The Defendants will be filing a motion to compel the production of documents from the Plaintiff concerning her alleged medical reports. The Defendants also plan to file a motion in limine to exclude any testimony from Ms. Gilbert or other witnesses concerning any effect of this litigation upon Ms. Gilbert's physical or emotional state and motion in limine to exclude the testimony of Dr. Raicot.

**VIII.   ISSUES OF LAW**

The following are issue of law that may be raised by the defendants:

   a) Whether the individual defendant police officers are entitled to qualified immunity on the grounds that the plaintiffs do not establish the violation of a clearly established constitutional right; and even if the plaintiffs' allegations did establish a violation of a clearly established constitutional right, whether an objective official would have believed that the action taken violated that right. Anderson v. Creighton, 483 U.S. 635 (1987); Hatch v. Department for Children, Youth and their Families, 274 F.3d 12, 20 (1st Cir. 2001).

   b) Whether the police officers were entitled, under the Fourth Amendment of the United States Constitution, to order the Plaintiff out of her vehicle based on their reasonable suspicion that the Plaintiff and her passenger

were involved in a drug transaction. See <u>Maryland v. Wilson</u>, 267 U.S. 132 (1925).

c) Whether the Defendants were entitled to perform an exigent automobile search of the Plaintiff's vehicle. See <u>Carroll v. United States</u>, 267 U.S. 132 (1925).

d) Whether the Defendants were entitled to search in closed containers, such as a purse, in the Plaintiff's automobile while conducting a search. <u>Wyoming v. Houghton</u>, 526 U.S. 295 (1999); <u>United States v. Ross</u>, 456 U.S. 798 (1982); <u>California v. Acevedo</u>, 500 U.S. 565 (1991).

e) Whether there was probable cause to arrest the Plaintiff. <u>United States v. Ross</u>, 456 U.S. 798 (1981); <u>United States v. Aguirre</u>, 839 F.2d 854 (1st Cir. 1998).

f) Whether there was probable cause for the Defendants to file a criminal complaint against the Plaintiff. <u>Gouin v. Gouin</u>, 249 F. Supp. 2d 62 (D. Mass. 2003).

g) Whether the dismissal of the criminal charge against the Plaintiff following an allowed motion to suppress evidence constitutes a dismissal in favor of the Plaintiff. <u>Gouin v. Gouin</u>, 249 F. Supp. 2d 62 (D. Mass. 2003).

h) Whether the Defendants interfered or coerced the Plaintiff in her exercise of her federal or state statutory or constitutional rights by force, intimidation or coercion. <u>Bally v. Northeaster University</u>, 532 Mass. 713 (1989).

    i)    Whether the Plaintiff has standing to state a claim pursuant to G.L. c. 12 §11H.

## IX.   REQUESTED AMENDMENTS TO THE PLEADINGS

None at this time.

## X.   ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THIS MATTER

## XI.   LENGTH OF TRIAL

The parties anticipate that the trial will last approximately two to three days..

## XI.   WITNESSES

<u>Plaintiffs</u>

Paul Ringer – 8 Nancy Drive, Belmont, NH 03220, Tel: (603) 528-4047.
Gregory Gilbert – 10 Range Road, Belmont, NH 03220, Tel: (603) 524-6263.
Laurie Gilbert – 10 Range Road, Belmont, NH 03220, Tel: (603) 524-6263.
Dr. Raicot – Chief of Staff, Lakes Region General Hospital, Highland Street, Laconia, NH 03246, Tel: (603) 524-3211.
Keeper of the Record - Lakes Region General Hospital, Highland Street, Laconia, NH 03246, Tel: (603) 524-3211.

<u>Defendants</u>

1. Timothy Dube, Lawrence Police Department, 90 Lowell Street, Lawrence, MA 01840 (978) 794-5800
2. John Heggarty, Lawrence Police Department, 90 Lowell Street, Lawrence, MA 01840 (978) 794-5800
3. Carlos Cuerva, Lawrence Police Department, 90 Lowell Street, Lawrence, MA 01840 (978) 794-5800
4. Daniel Fitzpatrick, Lawrence Police Department, 90 Lowell Street, Lawrence, MA  01840 (978) 794-5800
5. Michael Montecarvo, Lawrence Police Department, 90 Lowell Street, Lawrence, MA, 01840 (978) 794-5800
6. Brenda Bartlett, Lawrence Police Department, 90 Lowell Street, Lawrence, MA 01840; (978) 794-5800
7. Alan Andrews, Lawrence Police Department, 90 Lowell Street, Lawrence, MA 01840, (978) 794-5800
8. Laurie Gilbert

## XII. EXHIBITS

<u>Plaintiff</u>

The proposed exhibits are: Pictures of Plaintiff's injuries, medical records and bills

<u>Defendants</u>

    The defendants propose to offer the following exhibits:

    a) Booking Report, dated March 12, 2002, for Laurie Gilbert

    b) Lawrence Police Department Evidence Log from the March 18, 2002 arrest of Laurie Gilbert;

    c) Evidence results

    d) Application for a criminal complaint against Laurie Gilbert, dated March 18, 2002;

    e) Criminal docket entries regarding <u>Commonwealth of Massachusetts v. Laurie Gilbert</u>, Lawrence District Court, Docket No. 0218 CR 2002.

    f) Booking Report, dated March 18, 2002, concerning the booking of Laurie Gilbert;

    g) Incident Report, dated March 18, 2002

    h) Medical Report of Jason McLeod from Merrimack Valley Hospital, dated March 17, 2002

    i) Various medical reports of Laurie Gilbert

    j) Gilbert's Affidavit in support of the Motion to Suppress Evidence in <u>Commonwealth of Massachusetts v. Laurie Gilbert</u>, Lawrence District Court, Docket No. 0218 CR 2002

k) Motion to Suppress Evidence in <u>Commonwealth of Massachusetts v. Laurie Gilbert</u>, Lawrence District Court, Docket No. 0218 CR 2002

l) The Internet Movie Database (IMDb.com) biographical information of Brad Garrett

m) The Internet Movie Database (IMDb.com) biographical information of Ray Romano

n) Plaintiff's Responses to the Defendants' First Set of Interrogatories

o) Plaintiff's Responses to the Defendant's First Request for the Production of Documents

p) Assorted pleadings from case in Pike County Court of Common Pleas, Case No. 460-2003

q) Overtime slip for Brenda Bartlett for March 18, 2002

r) Massachusetts General Laws, Chapter 269 § 10

s) Transcript of October 1, 2002 Motion to Suppress Hearing in Commonwealth of Massachusetts v. Laurie Gilbert, Docket No. 0218 CR 2002.

The parties have reserved their rights to question admissibility of any of the foregoing exhibits.

Respectfully Submitted,
For the Plaintiff
**LAURIE GILBERT**

*Richard Foley/kap*
By her Attorney
Richard N. Foley, Esq.
414 State St.
Portsmouth, NH  03801
(603) 433-1303
BBO #: 553321

F:\LPA\Gilbert\pldgs\final.pretrial.memorandum.doc

For the Defendants
**JOHN HEGGERTY and TIMOTHY DUBE,**
By their attorneys,

*Kathleen A. Pennini*
Matthew E. Dwyer
BBO # 139840
Kathleen A. Pennini
BBO # 654573
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA  02108
617-723-9777