## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LAURIE GILBERT,** )<br>**Plaintiff,** )<br> )<br>**v.** )<br> )<br>**JOHN HEGGARTY and TIMOTHY DUBE** )<br> )<br>**Defendants.** ) | **Civil Action No. 05-10746-RWZ** |

### DEFENDANTS' MOTION FOR SANCTIONS FOR PLAINTIFF'S FAILURE TO DISCLOSE MEDICAL RECORDS

The Defendants, John Heggarty and Timothy Dube, hereby move, pursuant to F.R.Civ.P. 37 for the Court to impose numerous sanctions against the Plaintiff. As grounds for this Motion, the Defendants state as follows:

1. In their First Request for the Production of Documents to the Plaintiff, the Defendants requested the following:

   > Any and all medical records pertaining to any medical, psychological or psychiatric consultation or treatment sought or reviewed by you as a result of the events alleged in your complaint.

   A true copy of the Defendants' First Request for the Production of Documents in attached hereto as Exhibit 1.

2. The Plaintiff produced numerous medical records in response to this Request.

3. In their First Request for the Production of Document to the Plaintiff, the Defendant also requested the following:

   > Complete and itemized copies of any and all medical bills incurred by you or on behalf of you with regard to all injuries alleged to have been suffered by you and for which you are seeking recovery from the Defendants, from the date of each injury until the date such documents are produced.

   See Exhibit 1.

1

4.  On or about June 20, 2006, the Plaintiff produced a summary of additional medical expenses in response to the Defendants' Request

5.  The summary of medical expenses contained expenses for numerous dates for which the Defendant had not received any medical reports from the Plaintiff.

6.  By letter dated July 31, 2006, the Defendants requested Plaintiff's medical reports for dates on which she had submitted medical expenses.

    A true copy of the Defendants' July 31, 2006 letter is attached hereto as Exhibit 2.

7.  The Defendants filed a motion with the Court to compel the production of these documents on August 18, 2006.

8.  At the pre-trial conference, held on August 23, 2006, counsel for the Plaintiff produced numerous medical reports to counsel for the Defendants.

9.  During the review of the medical documentation provided, counsel for the Defendants noticed that laboratory reports as well as other medical reports from the Plaintiff's emergency room visit of March 21, 2002, were not included in the materials that were produced by the Plaintiff on August 23, 2006 following a motion to compel the production of such documents.

10. Upon learning that the March 21, 2002 laboratory reports were not included in the documents produced on August 23, 2006, counsel for the Defendants left a voice mail message for Plaintiff's counsel.

11. In addition, Lisa Ferguson, an administrative assistant at Dwyer, Duddy and Facklam, P.C., called Lakes Regional General Hospital to inquire whether the Plaintiff's laboratory reports were available. See Affidavit of Lisa Ferguson, ¶¶ 1-2. A true copy of the Affidavit of Lisa Ferguson is attached hereto as Exhibit 3.

2

12. Ms. Ferguson was informed that the laboratory reports from the Plaintiff's March 21, 2002 emergency room visit had been produced to the Plaintiff prior to August 23, 2006. See Affidavit of Lisa Ferguson, ¶ 3.

13. The March 21, 2002 laboratory reports indicate that the Plaintiff had tested positive for cocaine, THC (marijuana), and benzodiazepine.  A true copy of the laboratory report from the Plaintiff's March 21, 2002 emergency room visit is attached hereto as Exhibit 4.

14. The findings of the March 21, 2002, are highly relevant to the above-captioned matter as the Plaintiff has alleged that the marijuana and cocaine found in her vehicle were "planted" in her vehicle by the Defendants.

15. Based on the facts and circumstances detailed above, the Defendants believe that the Plaintiff's intentionally failed to disclose the laboratory report from the Plaintiff's March 21, 2002 emergency room visit as well as other reports related to this hospital visit in a calculated effort to mislead the Defendants.

16. On August 29, 2006, the Defendants agreed to not file this motion for sanctions after the parties reached a resolution in this matter.

17. At approximately 5:00 p.m. on August 30, 2006, the Defendants were informed that the Plaintiff had decided not to execute the previously agreed-upon settlement agreement.

Wherefore, the Defendants, John Heggarty and Timothy Dube, hereby move that the Court impose the following sanctions on the Plaintiff:

a)     An Order dismissing this action in its entirety due to the Plaintiff's intentional and deliberate failure to disclose requested information;

3

b)    An Order dismissing the action in its entirety due to the Plaintiff's intentionally misleading disclosures made to the Defendants.

c)    An Order requiring the Plaintiff to pay reasonable attorney's fees and expenses incurred by her failure to disclose the March 21, 2002 medical reports in a timely manner;

d)    An Order compelling the Plaintiff to submit to a deposition no later than Friday, September 1, 2006 to answer questions relating to the March 21, 2002 medical reports;

e)    An Order prohibiting the Plaintiff from objecting to the introduction of the March 21, 2002 medical reports;

f)    An Order prohibiting the Plaintiff from denying any prior illicit drug use at trial;

g)    Inform the jury of the Plaintiff's intentional failure to make the disclosure.


Respectfully Submitted,
For the Defendants,
**JOHN HEGGARTY and TIMOTHY DUBE**,
By their attorneys,


Matthew E. Dwyer
BBO #139840
Kathleen A. Pennini
BBO # 654573
Dwyer, Duddy and Facklam
Attorneys at Law, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108
617-723-9777

4

Date:   August 30, 2006

## **CERTIFICATE OF SERVICE**

I, Kathleen A. Pennini, do hereby certify that a true copy of the foregoing document has been served via electronic filing, facsimile, and first class mail, postage prepaid, this 30th day of August 2006, upon:

Richard N. Foley, Esquire
414 State Street
Portsmouth, NH 03801

*Kathleen A. Pennini*

Kathleen A. Pennini

F:\LPA\Gilbert\pldgs\mot.sanctions.failure.provide.march21.rpts.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **LAURIE GILBERT,**<br>    **Plaintiff,** | )<br>)<br>) |
| **v.** | )    **05-10746-RWZ**<br>) |
| **JOHN HEGGARTY and TIMOTHY DUBE,**<br>    **Defendants.** | )<br>)<br>) |

**DEFENDANTS' FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFF LAURIE GILBERT**

The Defendants, John Haggarty and Timothy Dube request, pursuant to Federal Rules of Civil Procedure Rule 34, that the Plaintiff, Laurie Gilbert produce for inspection and copying the following documents. The plaintiff, at his/her option may comply with the request by mailing copies of the requested documents to the undersigned counsel on or before the thirtieth day following service of this request. Defendants also request that the Plaintiff Laurie Gilbert also make a written response to these requests pursuant to Rule 34.

**Definitions and Instructions**

**I.     INSTRUCTIONS**

A.     If a privilege is asserted as a ground for not responding to an Interrogatory in whole or in part, describe the factual basis for the claim of privilege in sufficient detail as to permit the Court to adjudicate the validity of the claim of privilege.

B.     As to any document which is not in your possession or subject to your control, but which you know to exist, identify such document and indicate to the best of your ability its present or last known location and custodian.

C.     Where a document is supplied in response to an Interrogatory, set forth by number and subsection the Interrogatory to which it is supplied.

**II.     DEFINITIONS**

A.     "Plaintiff" or "you" means Laurie Gilbert, her attorneys and agents.

B.    "Defendants" means: John Haggarty and Timothy B. Dube.

C.    "Complaint" means the complaint filed with the Essex County Superior Court and removed to the United States District Court for the District of Massachusetts in the above-captioned matter.

D.    "Document" means any written, printed, typed, recorded, filmed, photographed or graphic matter, whether produced on paper, cards, tapes, film, electronic facsimile, computer storage devices or other medium, including, but not limited to, employment records, personnel files, letters, memoranda, notes, minutes, records, recordings, audio tapes, photographs, video tapes, transcripts, correspondence, telegrams, bookkeeping entries, financial statements, cash receipt summaries, tax returns, checks, check stubs, reports, studies, charts, graphs, notebooks, applications, agreements, contracts, books, pamphlets, periodicals, filings, directives, announcements, rulings, schedules, standards, instructions, manuals, desk calendars, appointment books, diaries, computer printouts, computer-stored records, electronic records, data processing program libraries, data processing input and output, computer memories and the like, including, but not limited to, originals, drafts, duplicates, excerpts and summaries, which are not identical to the original due to corrections, alterations, notations, deletions, markings, underscoring, the attachment or enclosure of other documents, exhibits, appendices or otherwise. "Document" also means every copy of such writing or record where the original is not in the possession, custody or control of the Plaintiff.

E.    "Identify" or "identification" when used in reference to:

(i)    A person who is a natural individual, means to state, to the extent known, his or her full name and present or last-known business and residential addresses, with the dates as to which the information was known specified, if present addresses are unknown;

2

    (ii)    A person other than a natural individual, means to state, to the extent known, its full name, its present or last-known business address, and its nature or customary business description (e.g., partnership, corporation);

    (iii)    A document, means to describe the nature (e.g., letter, handwritten notes, etc.) of the documents; its date; its contents; the identification of its author(s); addressee(s); and any recipients; its present location and custodian; and the manner and date of disposition of any document which once but is no longer in your possession or subject to your control.

F.    Where a "date" is requested, it shall mean to provide the exact day, month and year; if such information cannot be ascertained, it shall mean to the best approximation.

G.    The term "statement" shall mean an oral or written assertion.

H.    The term "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope. The term "any" shall include the word "all", and "all" shall include the word "any."

## DOCUMENT REQUESTS

1. Any and all medical records pertaining to any medical, psychological or psychiatric consultation or treatment sought or reviewed by you as a result of the events alleged in the complaint.

2. Complete and itemized copies of any and all medical bills incurred by you or on behalf of you with regard to all injuries alleged to have been suffered by you and for which you are seeking recovery from the Defendants from the date each injury was incurred until the date such documents are produced.

3

3. Any and all documents which evidence the amount of income loss or diminution of earning capacity that you have suffered, if any, and for which you are seeking recovery from the Defendants.

4. All documents which record or reflect any monetary losses for which you are seeking recovery from the Defendants in this matter.

5. All state and federal tax returns filed by you individually or jointly with another for years 2000 through the present.

6. All documents that concern, refer or relate in any way to your claims for damages as alleged in the complaint.

7. All documents which record or reflect your income and debts from January 1, 2002 through November 30, 2005.

8. Any and all documents that record or reflect communications between you and any other person (but not including your counsel) or governmental agency concerning, referring or relating in any way to the events alleged in the complaint.

9. Full and complete copies of any and all statements from any witnesses to any of the facts alleged in the complaint in this matter.

10. Any and all documents relating to any treatment of the ankle injury of Jason McLeod's referred to in your complaint

11. Any and all documents relating to criminal charges filed against you on or after March 18, 2002.

12. Any and all documents relating to the dismissal of criminal charges against you on or about April 26, 2002.

13.   All documents concerning any arrest of you by the Lawrence Police Department or any officer thereof anytime prior to the filing of your complaint in this matter, i.e., March 16, 2005.

14.   All and all documents concerning any arrest of you by any other law enforcement agency or official anytime prior to the filing of your complaint in this matter, i.e., March 16, 2005.

15.   All documents concerning occasions on which you were held in the custody of the Lawrence Police Department or any officer thereof anytime prior to the filing of your complaint in this matter, i.e., March 16, 2005.

16.   All documents concerning occasions on which you were held in the custody of any other law enforcement agency or official anytime prior to the filing of your amended complaint in this matter, i.e., March 16, 2005.

17.   All documents which you referred to or relied upon in naming the defendants in this matter.

18.   Any and all documents supporting your allegations that the Defendants fabricated evidence against you.

19.   Any and all documents not covered by the above requests which you intend to rely upon in support of your allegations against the Defendants.

20.   Any and all documents that were consulted or reviewed by you in answering your interrogatories.

Respectfully Submitted,
For the Defendants,
**JOHN HAGGERTY and TIMOTHY DUBE**,
By their attorneys,

*Kathleen A. Pennini*

Matthew E. Dwyer
BBO #139840
Kathleen A. Pennini
BBO # 654573
Dwyer, Duddy and Facklam
Attorneys at Law, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108
617-723-9777

Date:   November 29, 2005

## CERTIFICATE OF SERVICE

I, Kathleen A. Pennini, do hereby certify that a true copy of the foregoing document has been served via first class mail, postage prepaid, this 29th day of November 2005, upon:

Richard N. Foley, Esquire
414 State Street
Portsmouth, NH 03801.

*Kathleen A. Pennini*

Kathleen A. Pennini

f:\lpa\gilbert\pldgs\firts.req.prod.docs.gilbert.doc:blg

6

# DWYER, DUDDY and FACKLAM
### ATTORNEYS AT LAW, P.C.
TWO CENTER PLAZA, SUITE 430
BOSTON, MASSACHUSETTS 02108-1804

MATTHEW E. DWYER
CHRISTINA C. DUDDY†
PAUL M. FACKLAM, JR.
KATHLEEN A. PENNINI
BRIAN P. FOX
†ALSO ADMITTED TO PRACTICE IN THE STATE OF MAINE

TEL 617-723-9777

FAX 617-227-8692

July 31, 2006

***VIA FACSIMILE (603) 433-1214 AND FIRST CLASS MAIL***

Richard N. Foley, Esquire
414 State Street
Portsmouth, NH 03801

      **Re:**    <u>**Gilbert v. Heggarty, et al.**</u>
              United States District Court
              C.A. No. 05-10746-RWZ

Dear Attorney Foley:

      I have received a number of medical reports in response to the Defendants' Request for the Production of Documents. Nonetheless, it appears that medical reports are missing for a significant amount of medical visits for which the Plaintiff submitted medical expense information. Although the Plaintiff may contend that the visits for which no written reports were submitted are related to her arrest of March 18, 2002, the Defendants would not assent to the Plaintiff's self-serving characterizations, and demand to see such reports. As such, I respectfully request medical reports from the following dates:

      **<u>Lakes Region General Hospital</u>**: (1) March 21, 2002; (2) March 24, 2002; (3) April 17, 2003; (4) May 1, 2003; (5) June 1, 2003; (6) July 1, 2003; (7) April 25, 2004; (8) May 26, 2004; (9) June 8, 2004; (10) July 9, 2004; (11) August 30, 2004; (12) August 31, 2004; an d(13) February 25, 2005.

      **<u>Dr. Richard O'Brien:</u>** (1) January 7, 2003; (2) January 21, 2003; (3) March 24, 2003; (4) April 28, 2003; (5) May 6, 2003; (6) July 14, 2003; and (7) July 24, 2003.

      **<u>Dr. James Trice</u>**: (1) June 29, 2003



7 31-06
10 ³⁰ AM
Foley

# DWYER, DUDDY and FACKLAM

Richard Foley
July 31, 2006
Page 2

The failure of the Plaintiff to submit these documents with the rest of her document request means that the Plaintiff has not complied with the Rule 34 request. As such, I will file a motion with the Court to compel the production of these documents if they have not been received by me by **August 14, 2006**.

In addition, I also request that more detailed billing statements by produced as the bills that were submitted by the Plaintiff in the document request. The bare bones billing summaries provided by the Plaintiff are insufficient to establish that such expenses are related to this litigation. As with the medical reports, I request that these documents be submitted by **August 14, 2006**.

Thank you for your attention to this matter.

Very truly yours,

Kathleen A. Pennini

cc:    John Heggarty, LPD
       Timothy Dube, LPD

F:\LPA\Gilbert\ltrs\07.31.06.foley.req.med.reports.doc

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LAURIE GILBERT,<br>    **Plaintiff,**<br><br>v.<br><br>JOHN HEGGARTY, ET AL.,<br>    **Defendants** | )<br>)<br>)<br>)  **05-10746-RWZ**<br>)<br>)<br>) |

## AFFIDAVIT OF LISA FERGUSON

Now comes Lisa Ferguson, being duly sworn, deposes and states the following:

1.  My name is Lisa Ferguson.  I currently serve as an administrative assistant at Dwyer, Duddy and Facklam, P.C.

2.  On Friday, August 25, 2006, I telephoned Lakes Region General Hospital's Medical Records Department and spoke with a Medical Records Clerk named Pam. I asked her if she maintained the laboratory reports from the Plaintiff's March 21, 2002 emergency room visit as well as various other reports that should have been included with the Plaintiff's Production of Documents.

3.  The medical records clerk stated that the requested documents, including the March 21, 2002 laboratory records, had been recently released to the Plaintiff with other documents that were received by counsel for the defendants at the pre-trial conference held on August 23, 2006.

Signed under the pains and penalties of perjury this 29 day of August 2006.

_____
Lisa Ferguson, Assistant to Kathleen Pennini

F:\LPA\Gilbert\pldgs\08.29.06.affidavit.ferguson.doc

THIS COPY FOR:
JAMES LOVETT, MD

DELIVER TO ER OR WIC

PATIENT NAME:  **GILBERT, LAURIE J**

**LAKES REGION GENERAL HOSPITAL, LACONIA, NH 03246**
**LABORATORY    PHONE: 603-527-2833**
ACCT NO.: 903761427          MR #: (00000)000076936
LOC: ER                      DX: MENTAL HEALTH EVAL/NECK/CHES
DOB: 08/25/1961              DOCTOR: LOVETT, JAMES
AGE:  40 YRS    SEX: F

## CHEMISTRY

Collection Date:  03/21/02    03/21/02
Collection Time:    1653      1605

UNITS   REFERENCE

## SPECIAL CHEMISTRY

| | | | | | UNITS | REFERENCE |
|---|---|---|---|---|---|---|
| DRUG SCREEN | | | f | | | |
| PCP, URINE | NONE DET | | | | | NONE DET |
| BENZODIAZEPINE | **POSITIVE** * | | | | | NONE DET |
| COCAINE, URINE | **POSITIVE** * | | | | | NONE DET |
| AMPHETMINE, UR | NONE DET | | | | | NONE DET |
| THC, URINE | **POSITIVE** * | | | | | NONE DET |
| OPIATES, URINE | NONE DET | | | | | NONE DET |
| BARBITURATES, U | NONE DET | | | | | NONE DET |
| TRICYCLICS, UR | NONE DET | | | | | NONE DET |
| METAMPHETAMINE | NONE DET | | | | | NONE DET |
| ALCOHOL | NONE DET | | | | MG/DL | NONE DET |

DRUG SCREEN (01/17/01 -- Current)
        CUT OFF CONCENTRATIONS:
        Amphetamine              1000 ng/ml
        Barbiturates              300 ng/ml
        Benzodiazepines           300 ng/ml
        Tricyclic Antidepressants 1000 ng/ml
        Cocaine                   300 ng/ml
        Methamphetamine          1000 ng/ml
        Morphine (Opiates)       2000 ng/ml
        Phencyclidine              25 ng/ml
        THC (Cannabinoids)         50 ng/ml

        All positive screening results should be
        confirmed using a more specific alternative
        method in order to obtain a confirmed analytical
        result.  Gas chromatography/mass spectrometry
        (GC/MS) is the preferred confirmatory method.

KEY:
* = Abnormal, f = Footnote

CC: MCCARTHY, GREGORY M.

CC: