UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURIE GILBERT,<br>            Plaintiff,<br><br>v.<br><br>JOHN HEGGARTY and TIMOTHY DUBE,<br>            Defendants. | )<br>)<br>)<br>)   Civil Action No. 05-10746-RWZ<br>)<br>)<br>) |

## MEMORANDUM IN SUPPORT OF THE DEFENDANTS' MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT

### I.    RELEVANT FACTS

On August 29, 2006, Richard Foley, counsel for the Plaintiff, informed Kathleen A. Pennini, counsel for the Defendants, that the Plaintiff agreed to settle the above-captioned matter for an amount certain. See Affidavit of Kathleen A. Pennini, ¶ 1. A true copy of the Affidavit of Kathleen A. Pennini is attached hereto as Exhibit 1. Attorney Pennini told Attorney Foley that any settlement had include a release as well as no admission of liability by the Defendants. See id. at ¶ 2. Attorney Foley concurred that the settlement would include a release and no admission of liability. See id. at ¶ 3. After conferring with her clients concerning the amount of the Plaintiff's latest counteroffer, Attorney Pennini informed Attorney Foley that the Defendants wished to settle the litigation based on the terms agreed-to by Attorney Foley and Attorney Pennini. See id. at 4. As such, a settlement was reached between the parties.

On August 29, 2006, based on their agreement as to the material terms of the settlement, Attorney Pennini sent Attorney Foley a settlement agreement, a release, and a stipulation of dismissal. See id at 5; See e-mail correspondence of August 29, 2006, attached hereto as Exhibit 2. Early in the day on August 30, 2006, Attorney Pennini confirmed Attorney Foley that the Defendants had assented to the agreement and orally confirmed with Attorney Foley that an agreement had been reached and

1

that the terms of the agreement were acceptable to all parties. See Exhibit 1 at ¶ 6. Attorney Foley indicated that he would sign the Stipulation of Dismissal and return it, via facsimile, to Attorney Pennini by the end of the day on August 30, 2006, so that it could be immediately electronically filed with the Court. See id. at 7. However, at the close of the business day on August 30, 2006, Attorney Foley informed Attorney Pennini that the Plaintiff "changed her mind" about the settlement despite the fact that an agreement had been reached by the parties. See id. at ¶ 8.

## II.    ARGUMENT

**THE PARTIES HAD A VALID AGREEMENT THAT SHOULD BE ENFORCED BY THE COURT**

In this matter, the Plaintiff brought numerous claims pursuant to 42 U.S.C. § 1983. As such, "whether there is an enforceable settlement is a question of federal, rather than state law." Quint v. A.E. Staley Manufacturing Company, 246 F.3d 11, 14 (1st Cir. 2001) citing Malave v. Carney Hospital, 170 F.3d 217, 220 (1st Cir. 1999). Federal law does not require the execution of a written settlement document for a case to be deemed settled. See Quint, supra, 246 F.3d at 15. Rather, the Court may find that a valid settlement agreement has been reached where the parties had agreed to the material terms of the agreement. See id.

A "meeting of the minds" had occurred in this matter. Attorney Foley had the authority to reach an agreement to settle this litigation as evidenced by his offering of the terms to settle this matter. All the material terms of the settlement agreement had been agreed upon. By the morning of August 30, 2006, the parties had agreed to the monetary value of the settlement, that there would be no admission of liability on the part of the Defendants, and that the Plaintiff would sign a release of all claims against the Defendants. The parties had also agreed to the language that would be utilized concerning these terms, and thus, no term of the agreement had been left ambiguous. In fact, the parties had

agreed that they would file a Stipulation of Dismissal with the Court to dismiss this matter prior to the time that the agreement was actually executed by the parties.

The Plaintiff cannot now argue that there was no valid settlement agreement because she never signed her name on a written agreement. The material terms of the agreement had been agreed upon and Attorney Foley was endowed with the authority to reach a settlement in this agreement.

WHEREFORE, the Defendants, John Heggarty and Timothy Dube, hereby move that the Court issue an Order enforcing the settlement agreed upon by the parties on August 30, 2006.

> Respectfully Submitted,
> For the Defendants,
> **JOHN HEGGARTY and TIMOTHY DUBE,**
> By their attorneys,
>
> *Kathleen A. Pennini*
> Matthew E. Dwyer
> BBO #139840
> Kathleen A. Pennini
> BBO # 654573
> Dwyer, Duddy and Facklam
> Attorneys at Law, P.C.
> Two Center Plaza, Suite 430
> Boston, MA 02108
> 617-723-9777

Date:   August 31, 2006

### CERTIFICATE OF SERVICE

I, Kathleen A. Pennini, do hereby certify that a true copy of the foregoing document has been served via electronic filing, facsimile, and first class mail, postage prepaid, this 31st day of August 2006, upon:

Richard N. Foley, Esquire
414 State Street
Portsmouth, NH 03801.

*Kathleen A. Pennini*
Kathleen A. Pennini

F:\LPA\Gilbert\pldgs\mem.support.mot.enforce.settlement.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURIE GILBERT,<br>    Plaintiff,<br><br>v.<br><br>JOHN HEGGARTY and TIMOTHY DUBE,<br>    Defendants. | )<br>)<br>)<br>)  Civil Action No. 05-10746-RWZ<br>)<br>)<br>) |

### AFFIDAVIT OF KATHLEEN A. PENNINI

Now comes Kathleen A. Pennini, being duly sworn, deposes and states the following:

1. On August 29, 2006, Richard Foley, counsel for the Plaintiff, informed me, counsel for the Defendants, that the Plaintiff agreed to settle the above-captioned matter for an amount certain.

2. I informed Attorney Foley that any settlement must include a release as well as no admission of liability by the Defendants.

3. Attorney Foley concurred that the settlement would include a release and no admission of liability.

4. After conferring with my clients concerning the amount of the Plaintiff's counteroffer, I informed Attorney Foley that the Defendants wished to settle the litigation based on the agreed-to terms.

5. On August 29, 2006, based on their agreement as to the material terms of the agreement, I sent Attorney Foley a settlement agreement, a release, and a stipulation of dismissal. Early in the day on August 30, 2006, I confirmed with Attorney Foley that the Defendants had assented to the agreement and orally confirmed with Attorney Foley that

1

an agreement had been reached and that the terms of the agreement were acceptable to all parties.

6. Attorney Foley indicated that he would sign the Stipulation of Dismissal and return it, via facsimile, to me, by the end of the day on August 30, 2006, so that it could be immediately electronically filed with the Court.

7. At the close of the business day on August 30, 2006, Attorney Foley informed me that the Plaintiff "changed her mind" about the settlement.

Signed under the pains and penalties of perjury this 31st day of August 2006.

*Kathleen A. Pennini*
Kathleen A. Pennini

F:\LPA\Gilbert\pldgs\aff.kap.doc

2

# Kathianne Pennini

| | |
|---|---|
| **From:** | Kathianne Pennini |
| **Sent:** | Tuesday, August 29, 2006 6:10 PM |
| **To:** | 'rfoley@lawofficesofrichardfoley.com' |
| **Subject:** | Gilbert v. Heggarty, et al. |
| **Importance:** | High |
| **Attachments:** | stipulation.dismissal.with.prejudice.doc; SETTLEMENT. AGREEMENT.doc; gilbert.release.doc |

Good evening Rick

I am still awaiting the definitive answer of one Defendant, but anticipate that I will have approval of the settlement by the morning. In the meantime, I wanted to send you the paperwork for the settlement so that we can get everything squared away ASAP. I would like the settlement agreement and release signed by the Plaintiff and returned in my hands by Thursday so that we can file the stipulation of dismissal with the Court by the close of business on August 30, 2006.

Attached please find the proposed settlement agreement, stipulation of dismissal and release.

Please contact me ASAP if you have any questions or concerns regarding this matter. I will call you first thing in the morning concerning the status of the settlement.

Thank you,
Kathianne Pennini

  

stipulation.dismissal    SETTLEMENT.    gilbert.release.doc
  .with.pre...           GREEMENT.doc (28    (27 KB)

This message and any attachments are confidential and may contain information protected by the attorney/client privilege. This message and any attachments are intended only for the individual or entity named above. Any dissemination, use, distribution, copying or disclosure of this communication by any other person or entity is strictly prohibited. If you are not the intended recipient, do not read, copy or disclose this communication to others. Also, please notify the sender by replying to this message and then deleting it from your system. Thank you.

Kathleen A. Pennini
Dwyer, Duddy and Facklam
Attorneys at Law, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108

kap@dwyerdf.com
(617) 723-9777 (tel)
(617) 227-8692 (fax)