UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURIE GILBERT,<br>        Plaintiff,<br><br>v.<br><br>JOHN HEGGARTY and TIMOTHY DUBE,<br>        Defendants. | Civil Action No. 05-10746-RWZ |

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE PLAINTIFF FROM INQUIRING ABOUT THE HOME ADDRESSES OF THE DEFENDANTS

The Defendants, John Heggarty and Timothy Dube, hereby request that Court preclude any party from asking any witness who works as a police officer, for his/her home address. As grounds for this Motion, the Defendants state as follows:

1. The Defendants in the above-referenced matter are both police officers employed by the City of Lawrence.

2. Many of the witnesses that will testify on behalf of the Defendants, including Alan Andrews, Carlos Cuerva, Daniel Fitzpatrick, and Michael Montecarvo are likewise police officers employed by the City of Lawrence.

3. It is a fairly common practice for attorneys, during trial, to ask a witness for their name and address.

4. Chapter 66, Section 10 of the Massachusetts General Law states, in pertinent part:

> The home address and home telephone number of law enforcement, judicial, prosecutorial, department of youth services, department of social services, department of correction and any other public safety and criminal justice system personnel, and of unelected general court personnel, shall not be public records in the custody of the employers of such personnel…and shall not be disclosed… The name and home address and telephone number of a family member of any such personnel shall not be public records in the custody of the employers of the foregoing persons or the public employee retirement administration commission or any retirement board established under chapter 32 and shall not be disclosed.

A true copy of G.L. c. 66, § 10 is attached hereto as Exhibit 1.

5. The home address of police officers and their family members are among those that are protected from disclosure pursuant to G.L. c. 66, § 10.

WHEREFORE, Defendants John Heggarty and Timothy Dube, hereby move that the Court issue an order preclude any party from asking the Defendants, or the following witnesses: Alan Andrews, Carlos Cuerva, Daniel Fitzpatrick and Michael Montecarvo, to answer questions pertaining to any information that is protected from disclosure by G.L. c. 66, § 10.

Respectfully Submitted,
For the Defendants,
**JOHN HEGGARTY and TIMOTHY DUBE,**
By their attorneys,

*Kathleen A. Pennini*
Matthew E. Dwyer (BBO #139840)
Kathleen A. Pennini (BBO # 654573)
Dwyer, Duddy and Facklam
Attorneys at Law, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108
617-723-9777

Date:   September 1, 2006

## CERTIFICATE OF SERVICE

I, Kathleen A. Pennini, do hereby certify that a true copy of the foregoing document has been served via electronic filing, facsimile, and first class mail, postage prepaid, this 1st day of September 2006, upon:

Richard N. Foley, Esquire
414 State Street
Portsmouth, NH 03801.

*Kathleen A. Pennini*
Kathleen A. Pennini

F:\LPA\Gilbert\pldgs\mot.limine.exclude.officers.home.addresses.doc

# The General Laws of Massachusetts

[ Search the Laws ]

Go To:
Next Section
Previous Section
Chapter Table of Contents
MGL Search Page
General Court Home
Mass.gov

## PART I. ADMINISTRATION OF THE GOVERNMENT

## TITLE X. PUBLIC RECORDS

**CHAPTER 66. PUBLIC RECORDS**

**Chapter 66: Section 10. Public inspection and copies of records; presumption; exceptions**

Section 10. (a) Every person having custody of any public record, as defined in clause Twenty-sixth of section seven of chapter four, shall, at reasonable times and without unreasonable delay, permit it, or any segregable portion of a record which is an independent public record, to be inspected and examined by any person, under his supervision, and shall furnish one copy thereof upon payment of a reasonable fee. Every person for whom a search of public records is made shall, at the direction of the person having custody of such records, pay the actual expense of such search. The following fees shall apply to any public record in the custody of the state police, the Massachusetts bay transportation authority police or any municipal police department or fire department: for preparing and mailing a motor vehicle accident report, five dollars for not more than six pages and fifty cents for each additional page; for preparing and mailing a fire insurance report, five dollars for not more than six pages plus fifty cents for each additional page; for preparing and mailing crime, incident or miscellaneous reports, one dollar per page; for furnishing any public record, in hand, to a person requesting such records, fifty cents per page. A page shall be defined as one side of an eight and one-half inch by eleven inch sheet of paper.

(b) A custodian of a public record shall, within ten days following receipt of a request for inspection or copy of a public record, comply with such request. Such request may be delivered in hand to the office of the custodian or mailed via first class mail. If the custodian refuses or fails to comply with such a request, the person making the request may petition the supervisor of records for a determination whether the record requested is public. Upon the determination by the supervisor of records that the record is public, he shall order the custodian of the public record to comply with the person's request. If the custodian refuses or fails to comply with any such order, the supervisor of records may notify the attorney general or the appropriate district attorney thereof who may take whatever measures he deems necessary to insure compliance with the provisions of this section. The administrative remedy provided by this section shall in no way limit the availability of the administrative remedies provided by the commissioner of administration and finance with respect to any officer or employee of any agency, executive office, department or board; nor shall the administrative remedy provided by this section in any way limit the availability of judicial remedies otherwise available to any person requesting a public record. If a custodian of a public record refuses or fails to comply with the request of any person for inspection or copy of a public record or with an administrative order under this section, the supreme judicial or superior court shall have jurisdiction to order compliance.

(c) In any court proceeding pursuant to paragraph (b) there shall be a presumption that the record sought is public, and the burden shall be upon the custodian to prove with specificity the exemption which applies.

(d) The clerk of every city or town shall post, in a conspicuous place in the city or town hall in the vicinity of the clerk's office, a brief printed statement that any citizen may, at his discretion, obtain

copies of certain public records from local officials for a fee as provided for in this chapter.

The executive director of the criminal history systems board, the criminal history systems board and its agents, servants, and attorneys including the keeper of the records of the firearms records bureau of said department, or any licensing authority, as defined by chapter one hundred and forty shall not disclose any records divulging or tending to divulge the names and addresses of persons who own or possess firearms, rifles, shotguns, machine guns and ammunition therefor, as defined in said chapter one hundred and forty and names and addresses of persons licensed to carry and/or possess the same to any person, firm, corporation, entity or agency except criminal justice agencies as defined in chapter six and except to the extent such information relates solely to the person making the request and is necessary to the official interests of the entity making the request.

The home address and home telephone number of law enforcement, judicial, prosecutorial, department of youth services, department of social services, department of correction and any other public safety and criminal justice system personnel, and of unelected general court personnel, shall not be public records in the custody of the employers of such personnel or the public employee retirement administration commission or any retirement board established under chapter 32 and shall not be disclosed, but such information may be disclosed to an employee organization under chapter 150E, a nonprofit organization for retired public employees under chapter 180 or to a criminal justice agency as defined in section 167 of chapter 6. The name and home address and telephone number of a family member of any such personnel shall not be public records in the custody of the employers of the foregoing persons or the public employee retirement administration commission or any retirement board established under chapter 32 and shall not be disclosed. The home address and telephone number or place of employment or education of victims of adjudicated crimes, of victims of domestic violence and of persons providing or training in family planning services and the name and home address and telephone number, or place of employment or education of a family member of any of the foregoing shall not be public records in the custody of a government agency which maintains records identifying such persons as falling within such categories and shall not be disclosed.