UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURIE GILBERT,<br>        **Plaintiff,**<br><br>v.<br><br>JOHN HEGGARTY and TIMOTHY DUBE,<br>        **Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 05-10746-RWZ

## PROPOSED JURY INSTRUCTIONS OF THE DEFENDANTS, JOHN HEGGARTY AND TIMOTHY DUBE

Defendants, John Heggarty and Timothy Dube (hereinafter, "Heggarty" and "Dube," respectively or "the Defendants") hereby request the Court give the attached proposed jury instructions.

Respectfully submitted,
For the Defendants,
**JOHN HEGGARTY and TIMOTHY DUBE,**
By their attorneys,

*Kathleen A Pennini*

Matthew E. Dwyer (B.B.O. # 139840)
Kathleen A. Pennini (B.B.O. # 654573)
Dwyer, Duddy and Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108-1804
(617) 723-9777

Date: September 4, 2006

1

## CERTIFICATE OF SERVICE

I, Kathleen A. Pennini, do hereby certify I have electronically filed these proposed jury instructions on September 4, 2006, via electronic delivery and facsimile delivery, and via hand delivery on September 5, 2006 to:

Richard N. Foley, Esq.
414 State Street
Portsmouth, NH

*Kathleen A Pennini*

Kathleen A. Pennini

# TABLE OF CONTENTS

| Instruction No. | Title | Page No. |
|:---:|:---:|:---:|
| 1 | Function of the Court and Jury | 4 |
| 2 | Equality Before The Law | 5 |
| 3 | Evidence in the Case | 6 |
| 4 | Questions Are Not Evidence | 7 |
| 5 | Preponderance of the Evidence | 8 |
| 6 | Credibility of Witnesses | 9 |
| 7 | Section 1983 Action | 11 |
| 8 | Section 1983 – Elements of Claim | 12 |
| 9 | Section 1983 – Action Under Color of State Law Not in Dispute | 13 |
| 10 | Section 1983 – Deprivation of a Federal Right | 14 |
| 11 | Section 1983 – Unlawful Seizure | 15 |
| 12 | Section 1983 – Unlawful Seizure – Vehicular Terry Stop | 16 |
| 13 | Section 1983 – Unlawful Seizure – Arrest/Probable Cause | 18 |
| 14 | Section 1983 – Malicious Prosecution | 20 |
| 15 | Section 1983 – Excessive Force – Stop, Arrest, Seizure | 22 |
| 16 | Section 1983 – Damages – Compensatory Damages | 24 |
| 17 | Section 1983 – Damages – Nominal Damages | 26 |
| 18 | Section 1983 – Damages – Punitive Damages | 27 |
| 19 | Effect of Instruction on Damages | 30 |
| 20 | Verdict – Unanimous – Duty of Deliberate | 31 |
| 21 | Special Interrogatories | 32 |

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 1

### Function of the Court and the Jury

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

You must perform your duties as jurors without bias or prejudice to any party. You must not allow your decision to be influenced by sympathy, prejudice or extraneous factors such as public opinion.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be. During this trial, I (may) have asked questions to witnesses myself. Do not assume that because I asked questions that I hold any opinion on the matters about which I asked questions or that I have any opinion concerning what the outcome of the case should be.

3 Devitt *et al.*, Federal Jury Practice and Instructions, § 71.01 (4th ed. 1987)

Given          _____

Given As Modified   _____

Denied         _____

4

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 2

### Equality Before The Law

All parties are entitled to equality before the law. In this case the Defendant, Local 25 is a labor organization and Defendant, New Penn Motor Express, Inc. is a corporation. Labor organizations and corporations are entitled to same fair consideration that you would give a private individual. All persons, including labor organizations and corporations are equal before the law and are to be treated as equals in a court of law.

You are not permitted to take into account the financial status of the parties in rendering your decision. Such consideration is not relevant in your role as a fact finder.

3 Devitt *et al.*, Federal Jury Practice and Instructions, §§ 71.03, 71.04 (4th ed. 1987)

Given                    _____

Given As Modified        _____

Denied                   _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 3

### Evidence in the Case

The evidence consists of the testimony of witnesses, the exhibits admitted into evidence, and any stipulations made by the parties. In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Statements and arguments by counsel are not to be considered evidence in the case. When, however, attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

The Court may take judicial notice of certain facts or events. When the Court declares that it will take judicial notice of some fact or event, the jury must accept the Court's declaration as evidence and regard each fact or event judicially noticed by the Court as proven.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered as stricken by the Court, must be entirely disregarded.

3 Devitt *et al.*, Federal Jury Practice and Instructions, § 71.08 (4th ed. 1987)

Given          _____

Given As Modified    _____

Denied         _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

### Questions are Not Evidence

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact.  The lawyer's assertions are not evidence.

3 Devitt *et al.*, <u>Federal Jury Practice and Instructions</u>, § 71.12 (4th ed. 1987)

Given            _____

Given As Modified    _____

Denied           _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5

### Preponderance of the Evidence

The plaintiff has brought a civil action against the Defendants. Therefore, the burden is on the Plaintiff, Ms. Gilbert, to prove every essential element of his claim by a preponderance of the evidence. If the proof should fail to establish any essential element of Mr. Gilbert's claim by a preponderance of the evidence, you must find for the Defendants.

However, as to certain affirmative defenses, which I will further explain later in these instructions, the burden of establishing these essential facts in on the Defendants.

To "establish by the preponderance of the evidence" means that when you have considered all of the evidence in this case, you are persuaded that something is more probably true than not true. To determine a fact by the preponderance of the evidence does not require proof of an absolute certainty as to the true of that fact.

In determining whether any fact or issue has been proved by the preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits, regardless of who may have produced them.

3 Devitt *et al.*, Federal Jury Practice and Instructions, § 72.01 (4th ed. 1987)

     Given            _____

     Given As Modified   _____

     Denied          _____

8

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

### Credibility of Witnesses

Jurors are the sole judges of the credibility of the witnesses and determine the weight that the testimony of each witness deserves. You may be guided by the appearance and conduct of the witness, the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of testimony.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence that tends to show whether a witness is worthy of belief. Consider each witness' intelligence, motive, or state of mind as well as each witness's demeanor or manner while testifying. You should consider the witness's ability to observe the matters as to which he or she has testified and whether it appears to you that the witnesses has an accurate recollection of these matters. You should also consider the manner in which each witness might be affected by the verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

The weight of the evidence in not determined by the number of witnesses testifying as to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses is more credible that a large of number of witnesses to the contrary.

Inconsistencies or discrepancies in the testimony of witnesses, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more person witnessing an event may see or hear it differently; In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and consider whether the discrepancy results for an innocent error by the witness or an intentional falsehood.

Give the testimony of each witness, as much or as little weight as you think it deserves. You may accept or reject the testimony of any witness, in whole or in part.

3 Devitt *et al.*, Federal Jury Practice and Instructions, § 73.01 (4th ed. 1987)

Given                    _____

Given As Modified        _____

Denied                   _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

### Section 1983 Action

Plaintiff, Laurie Gilbert, claims damages alleged to have been sustained as the result of a deprivation, under color of state law, of rights secured to plaintiff Laurie Gilbert by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and by a federal statute protecting the civil rights of all persons within the United States.

Specifically, Plaintiff Laurie Gilbert alleges that the Defendant police officers, John Heggarty and Timothy Dube subjected her to deprivation of rights and privileges secured and protected by the Constitution and laws of the United States, namely the Constitutional rights to be free from an unreasonable search and seizure of the Ms. Gilbert's vehicle and person and the right to be free from the use of excessive force while in the custody of the Lawrence police department.

Mr. Heggarty and Mr. Dube, the Defendant police officers, deny that any of their actions during the time in question violated the plaintiff's constitutional rights. The Defendants contend that they were acting in good faith and without probable cause and that their actions were reasonable. The Defendant police officers further claim that they were not guilty of any fault or wrongdoing in regard to the incident sued upon.

Kevin O'Malley, Jay Grenig and William C. Lee, <u>Federal Jury Practice and Instructions</u>, (5th ed. 2001)


Given                          _____

Given As Modified      _____

Denied                        _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 8

### Section 1983 – Elements of Claim

Plaintiff must prove both of the following elements by a preponderance of the evidence:

First:          The Defendants acted under the color of state law.

Second:          While acting under the color of state law, the Defendants deprived the Plaintiff of a federal constitutional right.

See 42 U.S.C. §1983; see also Parratt v. Taylor, 451 U.S. 527, 535 (1981); Davidson v. Cannon, 474 U.S. 344 (1986); Model Civil Jury Instructions, Third Circuit, § 4.3, 2006 Edition

Given          _____

Given As Modified          _____

Denied          _____

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS NO. 9

### Section 1983 – Action Under Color of State Law Is Not In Dispute

Because the Defendants were officials of the City of Lawrence at the relevant time, I instruct you that they were acting under the color of state law.  In other words, this element of the Plaintiff's claim is not in dispute and you must find that this element has been established.

Model Civil Jury Instructions, Third Circuit, § 4.4.1, 3006 edition

Given            _____

Given As Modified    _____

Denied          _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 10

### Section 1983 – Deprivation of a Federal Right

I have already instructed you on the first element of the Plaintiff's claim, which requires Ms. gilbert to prove that the Defendants acted under the color of state law.

The second element of the Plaintiff's claim is that the Defendants deprived her of a federal constitutional right

[insert instructions concerning the relevant constitutional violations]

Model Civil Jury Instructions, Third Circuit, § 4.5, 2006 edition

Given          _____

Given As Modified    _____

Denied         _____

14

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO.11

### Section 1983 – Unlawful Seizure

The Fourth Amendment to the United States Constitution protects person from being subjected to unreasonable seizures by the police. A law enforcement official may only seize a person (for example, by stopping or arresting the person) if there is appropriate justification to do so.

In this case, the Ms. Gilbert claims that the Defendants Heggarty and Dube subjected the Plaintiff to an unreasonable arrest, in violation of the Fourth Amendment. To establish this clam, the Plaintiff must prove each of the following three things by a preponderance of the evidence:

| | |
|---|---|
| First: | Defendants intentionally ordered the Plaintiff out of her vehicle |
| Second: | Those acts subjected the Plaintiff to a "seizure:" |
| Third: | The "seizure" was unreasonable. |

I will now give you more details on what constitutes a "seizure" and on how to decide whether a seizure is reasonable.

Model Civil Jury Instructions, Third Circuit, § 4.12, 2006 edition; see also Terry v. Ohio, 396 U.S. 1 (1968); United States v. Viegas, 639 F.2d 42, 44 (1st Cir. 1981)

Given            _____

Given As Modified    _____

                    Denied            _____

## DEFENDANTS' PROPSOED JURY INSTRUCTION NO. 12
## SECTION 1983 - UNLAWFUL SEIZURE – VEHICULAR *TERRY* STOPS

A "seizure" occurs when a police officer restrains a person in some way, by some show of authority, that the person obeys. Of course, a seizure does not occur every time a police officer asks someone a few questions. Such consensual encounters are important tools of law enforcement and need not be based on any suspicion of wrongdoing. However, an initially consensual encounter with a police officer can turn into a seizure, if, in view of all the circumstances, a reasonable person would have believed that he/she was not free to end the encounter. If a reasonable person, under the circumstances, would have believed that they were not free to end the encounter, then, at that point the encounter has turned into a "stop" that counts as a "seizure" for purposes of the Fourth Amendment.

If you find that the Plaintiff has proved by the preponderance of the evidence that such a stop occurred, then you must decide whether the stop was justified by "reasonable suspicion."

The Fourth Amendment requires that any seizure must be reasonable. In order to "stop" a person, the officer must have a "reasonable suspicion" that the person has committed, is committing, or is about to commit a crime. There must be specific facts that, taken together with the rational inferences from those facts, reasonably warrant the stop. The Plaintiff has the burden of proving that the Defendants lacked "reasonable suspicion" for the stop. In deciding this issue, you should consider all the facts available to the Defendants at the time of the stop. You should consider all the events that occurred leading up to the stop, and decide whether those events, viewed from the standpoint of a reasonable police officer, amount to reasonable suspicion. Keep in mind that police officers may reasonably draw conclusions, based on their training and experience, that might not occur to an untrained person.

16

Police officers may order a driver and passengers out of an automobile where the officers have specific and articulabel facts to show that there might be a danger to the officer.

The length of the stop must be proportionate to the reasonable suspicion that gave rise to the stop and any information developed from the stop. Ultimately, unless the stop yields information that provides probable cause to arrest the person, the officer must let the person go. I will shortly explain more about the concept of "probable cause." There is no set rule about the length of time that a person may be detained before the seizure becomes an arrest. Rather, you must consider whether the length of the seizure was reasonable. In assessing the length of the seizure, you should take into account whether the police officers were diligent in pursuing their investigation, or whether they caused undue delay that lengthened the seizure.

As I told you earlier, Ms. Gilbert must prove that the Defendant intended to commit the acts in question; but apart from that requirement, the Defendants' actual motivation is irrelevant. If the Defendants' actions constituted an unreasonable seizure, it does not matter whether the Defendants had good motivations and any improper motive is likewise irrelevant to whether the objective facts available to the officers at the time gave rise to reasonable suspicion.

Model Civil Jury Instructions, Third Circuit, § 4.12.1, 2006 ed., Terry v. Ohio, 392 U.S.1 (1968); United States v. Mendenhall, 446 U.S. 544 (1980); United States v. Viegas, 639 F.2d 42 (1st Cir. 1981); Michigan v. Long, 463 U.S. 1032 (1983); United States v. Maguire, 918 F.2d 254 (1st Cir. 1990); Commonwealth v. Gonsalves, 429 Mass. 658 (1999).

Given            _____

Given As Modified    _____

                    Denied            _____

17

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS NO. 13

### Section 1983 – Unlawful Seizure – Arrest – Probable Cause

An arrest is a "seizure," and the Fourth Amendment prohibits police officers from arresting a person unless there is probable cause to do so.

You must decide whether the Ms. Gilbert has proven, by a preponderance of the evidence, that Mr. Hegagrty and Mr. Dube lacked probable cause to arrest her.

To determine whether probable cause existed, you should consider whether the facts and circumstances available to the Defendants would warrant a prudent officer in believing that Ms. Gilbert had committed or was committing a crime.

The Defendants arrested Ms. Gilbert for the possession of cocaine and marijuana, and the possession of pepper spray without a firearms identification card as required by Massachusetts state law. You must determine whether the Defendants had probable cause to arrest Ms. Gilbert based on the facts and circumstances known to the Defendants at the time of the arrest.

Probable cause requires more than mere suspicion; however, it does not require that the officers have evidence sufficient to prove guilt beyond a reasonable doubt. The standard of probable cause represents the balance between the individual's right to liberty and the government's duty to control crime. Because police officers often confront ambiguous situations, room must be allowed for some mistakes on their part. However, such mistakes must be those of reasonable officers.

§ 4.12.2, <u>Model Civil Jury Instructions, Third Circuit</u>, 2006 ed.; <u>Illinois v. Gates</u>, 462 U.S. 213, 238-239 (1983); <u>Gerstien v. Pugh</u>, 420 U.S. 103, 112 (1975); <u>Bringer v. United States</u>, 338 U.S. 160, 176 (1949); <u>Beck v. Ohio</u>, 379 U.S. 89, 91 (1964); <u>Devenpeck v. Alford</u>, 543 U.S. 146, 152 (2004).


Given                    _____

Given As Modified        _____

                    Denied              _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 14

### Section 1983 – Malicious Prosecution

Ms. Gilbert claims that the Defendants violate her Fourth Amendment rights by initiating the prosecution of her for illegal possession of cocaine, illegal possession of marijuana, possession of a firearm (pepper spray) without a firearms identification card in violation of M.G.L. c. 269, § 10(b), and failing to signal before stopping or turning.

To establish this claim of malicious prosecution, Ms. Gilbert must show the following five things by a preponderance of the evidence:

First:      The Defendants initiated criminal proceedings against Ms. Gilbert

Second:   The Defendants lacked probable cause to initiate criminal proceedings against Ms. Gilbert;

Third:     The criminal proceeding ended in Ms. Gilbert's favor

Fourth:    The Defendants acted maliciously or for a purpose other than bringing Ms. Gilbert to justice;

Fifth:      As a consequence of the proceeding, Ms. Gilbert suffered a significant deprivation of liberty.

In this case, the first issue is not in dispute. The Defendants admit that they initiated criminal proceedings against Ms. Gilbert.

As to the second element of the Plaintiff's malicious prosecution claim, Ms. Gilbert must prove that the Defendants lacked probable cause to initiate the proceeding. To determine whether probable cause exists, you should consider whether the facts and circumstances available to the Defendants would warrant a prudent person in believing that Ms. Gilbert had

committed the crime of illegally possession cocaine and marijuana, and possessing pepper spray without a firearms identification card.

As to the third element, Ms. Gilbert must prove that the motion to suppress constitutes a ruling that the criminal proceeding was terminated in her favor;

As to the fourth element of the malicious prosecution claim, Ms. Gilbert must prove that in initiating the proceeding, the Defendants acted out of spite, or the Defendants themselves did not believe that the proceeding was proper, or that the Defendants initiated the proceeding for a purpose unrelated to bring Ms. Gilbert to justice.

Even if you find that Ms. Gilbert has proven the elements of her malicious prosecution claim, the Defendants assert that they are not liable on this claim because Ms. Gilbert was in fact guilty of the offense with which she was charged. If you find that the Defendants have proven by a preponderance of the evidence that Ms. Gilbert was actually guilty of the offense, then the Defendants are not liable on Ms. Gilbert malicious prosecution claim.

Model Civil Jury Instructions, Third Circuit, § 4.13, 2006 ed.; Albright v. Oliver, 510 U.S. 266 (1994).

Given            _____

Given As Modified    _____

Denied           _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 15

### Section 1983 – Excessive Force - Stop, Arrest or other "Seizure"

The Fourth Amendment to the United States Constitution protections persons from being subjected to excessive forces while being arrested. In other words, a law enforcement official may only use the amount of force necessary to under the circumstances to make the arrest. Ever person has the constitutional right not to be subjected to excessive force while being arrested, even if the arrest is otherwise proper.

In this case, Ms. Gilbert claims that Defendant Heggarty used excessive force when she was being detained at the police station. In order to establish that the Defendant used excessive force, Ms. Gilbert must prove both of the following by a preponderance of the evidence:

First:  Defendant intentionally committed certain acts.

Second:  Those acts violated Plaintiff's Fourth Amendment right not to be subjected to excessive force.

In determining whether Defendant's acts constituted excessive force, you must ask whether the amount of force the Defendant used, if any, was the amount which a reasonable officer would have used under similar circumstances. You should consider all the relevant facts and circumstances that the Defendant reasonably believed to be true at the time of the arrest. You should consider all those facts and circumstances in order to assess whether there was a need for the application of force, and the relationship between that need for force, if any, and the amount of force applied, if any.

The reasonableness of the Defendants' acts must be judged from the perspective of a reasonable officer on the scene. Not every push or shove by a police officer, even if it may seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The

concept of reasonableness makes allowance for the fact that police officers are often forced to make split-second judgments in circumstances that are sometimes tense, uncertain, rapidly evolving, about the amount of force that is necessary in a particular situation.

As I told you earlier, the Plaintiff must prove that the Defendant intended to commit the acts in question; but apart from that requirement, Defendant's actual motivation is irrelevant. If the force the Defendant used was unreasonable, it does not matter whether the Defendant had good intentions. And an officer's improper motive will not establish excessive force if the force used was objectively reasonable.

What matters is whether the Defendant's acts were objectively reasonable in light of the facts and circumstances confronting the Defendant.

Model Civil Jury Instructions, Third Circuit, § 4.9, 2006 ed.; Graham v. Connor, 490 U.S. 386 (1989).

Given            _____

Given As Modified    _____

Denied            _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 16

### Section 1983 – Damages – Compensatory Damages

I am now going to instruct you in damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether the Defendants should be held liable.

If you find the Defendants liable, then you must consider the issue of compensatory damages. You must award Ms. Gilbert an amount that will fairly compensate her for any injury that she actually sustained as a result of the Defendants' conduct.

The Plaintiff must show that the injury would not have occurred without the Defendants' acts. The Plaintiff must also show that the Defendants' acts played a substantial part in bringing about the injury and that the injury was either a direct result or a reasonably probable consequence of the Defendants' acts.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence.

Ms. Gilbert claims the following items of damages:

- Physical harm to the her during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical pain that Ms. Gilbert is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of injury and whether the injury is temporary or permanent.

24

- Emotional and mental harm to Ms. Gilbert during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that she is reasonably expected to experience in the future.

- The reasonable value of the medical care and supplies that Ms. Gilbert reasonably needed an actually obtained, and the present value of such care and supplies that she is reasonably certain to need in the future.

- The reasonable value of legal services that Ms. Gilbert reasonably needed and actually obtained to defendant and clear herself.

In assessing damages, you must not consider attorneys fees or the costs of litigating this case. Attorney's fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney's fees and costs should play no part in your calculation of any damages.

Model Civil Jury Instructions, Third Circuit, § 4.8.1, 2006 ed.

Given                _____

Given As Modified    _____

Denied               _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 17

### Section 1983 – Damages – Nominal Damages

If you return a verdict for the Plaintiff, but she has failed to prove compensatory damages, then you must award nominal damages of $ 1.00.

A person whose federal rights were violated is entitled to recognition of that violation, even if she suffered no actual injury. Nominal damages of $ 1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages, rather than nominal damages.

Model Civil Jury Instructions, Third Circuit, § 4.8.2, 2006 ed.

Given              _____

Given As Modified  _____

Denied             _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 18

### Section 1983 – Damages – Punitive Damages

In addition to compensatory or nominal damages, you may consider awarding Ms. Gilbert punitive damages. A jury may award punitive damages to punish a defendant, or to deter the defendant and other like the Defendant from committing such conduct in the future.

You may only award punitive damages if you find that a particular defendant acted maliciously or wantonly in violating a plaintiff's federally protected rights. In this case there are multiple defendants. You must make a separate determination whether each defendant acted maliciously or wantonly.

- A violation is malicious if it was prompted by ill will or spite toward the Plaintiff. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the Plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused the Plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure Plaintiff unlawfully.

- A violation is wanton if the person committing the violation recklessly or carelessly disregarded the Plaintiff's rights.

If you find that it is more likely than not that a particular defendant acted maliciously or wantonly in violating plaintiff's federal rights, then you may award punitive damages against that defendant. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive

27

damages unless you found that he Defendant in question acted maliciously or wantonly in violating the plaintiff's federal rights.

If you have found that the defendant in question acted maliciously or wantonly in violating plaintiff's rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of federal rights, or to deter the defendants and other like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish the Defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent Defendant from again performing any wrongful acts similar to this the Defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which the defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter the defendant or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action. For example, you are entitled to consider whether a defendant's act was violent or non-violent; etc. You should also consider the amount of harm actually caused by the defendant's act and the harm that could result if such acts are not deterred in the future.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend on the defendant's financial resources. Therefore, if you find punitive damages

28

should be award against the defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

Model Civil Jury Instructions, Third Circuit, § 4.8.3, 2006 ed.

Given                    _____

Given As Modified        _____

Denied                   _____

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 19

### Effect of Instruction on Damages

The fact that I have instructed you on damages should not be considered as suggesting my view as to which party is entitled to verdict in this case. Instructions as to the measures of damages are given for your guidance in the event you should find in favor of the Plaintiff on his claim, by a preponderance of the evidence and in accordance with my other instructions.

I will give you written questions, called "special interrogatories," which will assist you in computing the amount of relief, if any, to award. The Court cautions you not to assume that, because space has been provided for an amount of damages, you must award any particular damages.

3 Devitt, *et al.*, <u>Federal Jury Practice and Instructions</u>, § 74.02 (4th ed. 1987)

        Given                    _____

        Given As Modified    _____

        Denied                   _____

## DEFENDANTS' PROPOSED JURY INSTRUCTIONS NO. 20

### Verdict – Unanimous – Duty to Deliberate

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult one another, express your own views, and listen to the opinion of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe that it is wrong. But you should not surrender your honest belief about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching a verdict that is consistent with the individual judgment of each verdict. You are impartial judges of the facts.

3 Devitt, *et al.*, Federal Jury Practice and Instructions, § 74.01 (4th ed. 1987)

Given            _____

Given As Modified    _____

Denied           _____

31

## DEFENDANTS' PROPOSED JURY INSTRUCTION NO. 21

### Special Interrogatories

A form of special interrogatories has been prepared for your convenience.  You will take this form to the jury room.

[Form of Special Interrogatories read]

You will note that each of the interrogatories or questions calls for a "yes" or "no" answer.  The answer to each question must be the unanimous answer of the jury.  Your foreperson will write the unanimous answer of the jury in the space provided opposite each questions.  As you will note from the wording of the questions, it may not be necessary to consider or answer a subsequent questions if your answer to a previous question is "no."  Specific directions are provided at the end of each separate interrogatory.

3 Devitt, *et al.*, Federal Jury Practice and Instructions, § 74.05 (4th ed. 1987)

Given                    _____

Given As Modified        _____

Denied                   _____

## CERTIFICATE OF SERVICE

I, Kathleen A. Pennini, do hereby certify I have electronically filed these proposed jury instructions on September 4, 2006, via electronic delivery and facsimile delivery, and via hand delivery on September 5, 2006 to:

Richard N. Foley, Esq.
414 State Street
Portsmouth, NH

Kathleen A. Pennini

F:\LPA\Gilbert\pldgs\proposed.jury.instructions.doc